EDWARD T. McGALLIARD, complainant,

*v.*

JAMES H. CHAPMAN et al., defendants.

[Decided June 3d, 1925.]

Conveyances—Restrictive Covenants—Restriction Against Build-
ing Within Prescribed Distances From Street—Defendant
Erected Frame For a Tent-Like Structure With Roof, Cover-
ing Being Canvas—Held, to be a Building Within Meaning
of the Word—Complainant Not in Laches, Having Promptly
Notified Defendant—Alleged Violations, Including Erection
of Bill Board and the Temporary Lease of Property For
Structure Such as the One Complained of, Not Such Viola-
tions as Would Defeat the Community Scheme of Improve-
ment.

On final hearing.

*Mr. Alvin W. Sykes,* for the complainant.

*Mr. Amos M. Waln,* for the defendants.

BUCHANAN, V. C.

Complainant sues to enforce by injunction a restrictive
covenant comprised in a deed of conveyance from complainant
to defendant for lot No. 40 on complainant's development
tract. This lot is at the corner of South Broad street and a
proposed street to be called Woodside avenue, and fronts
fifty-five feet on Broad street with a depth of some one hun-
dred and fifty feet.

The covenant in the deed is against the erection of "any
dwelling-house or other building or any part thereof except-
ing a porch as a part of a dwelling-house, within fifty feet
of the northerly side of Broad street and within fifteen feet
of the easterly side of said proposed Woodside avenue."

39

There are other covenants against a gasoline or oil-filling station, or a garage (except a private garage), or a manufacturing plant on the lot, and one against conveyance to or occupation by negroes.

The violation complained of is a structure, erected within the prohibited area, about thirty-two feet long by eight feet wide, consisting of four poles along each side, six inches in diameter, eight feet high, set six inches in the ground, and a similar line of four poles slightly higher along the centre line. . The outer lines of poles are connected by stringers at the top, and along the centre line is a ridge pole; rafters run between stringers and ridge pole, and a few boards are laid on these rafters to prevent the sagging of a canvas removable covering. The sides are not enclosed, but a strip of canvas four feet wide is hung on whichever side is the sunny side. The structure is used as a wayside produce stand for the sale of fruit and vegetables.

It is clear that there is no violation of any covenant unless it be the one first mentioned, nor does complainant so contend. The only question in this behalf is whether or not the structure comes within the proscribed category of a "dwelling-house or other building or any part thereof, excepting a porch as part of a dwelling-house."

Defendant argues that not everything which is built is a building; that a fence, a well, a sidewalk, a monument, though commonly spoken of as being built, are not buildings; that a tent is not a building, and is not prohibited by the covenants; that a stand for the vending of produce is not prohibited by the covenants. So far I concur, but I cannot agree with defendants' contention that walls and a roof are necessary requisites of a building, or of a structure prohibited by the covenant in question.

A building is defined by Webster's New International Dictionary as "that which is built; specifically, as now generally used, a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts or some other useful purpose."

It seems to me clear that the structure in question in this suit comes within that definition. It is a structure designed to stand more or less permanently, covers a space of land, and is for use as a shelter for vegetables and fruit.

Whatever might be the situation if this structure had no roof, it does, in fact, have a roof, which, although composed as to the outer covering only of canvas, is reinforced with boards underneath. It may be fastened on so that it may easily and quickly be removed, but there is no evidence that it has been removed. The photographs show it to be quite a substantial thing in the way of a roof, and it is significant that neither by answer or proof was there any allegation that it was a mere temporary structure. It was built in August, 1924, and from the evidence is still standing in the same condition, and it appears is capable of standing in the same condition for several years at least.

It appears that the restrictive covenant is a covenant adopted by complainant for the benefit of the entire tract, and has been put in the deeds for all lots sold. (The deed for the first lot sold, at the extreme far corner of the tract, did not have a covenant against a gasoline pump, but that is not material as to the covenant here under consideration.) Under well-settled principles, therefore, the grantor, for the benefit of his remaining lands and for the benefit of his other grantees, is entitled to the enforcement of the covenant, unless that right be lost by reason of other circumstances.

It is contended by defendant that complainant's right was lost by delay. The bill was filed about one month after complainant observed the structure in course of erection. But the rule that injunction against the violation of building restriction covenants must be sought promptly rests on the doctrine of equitable estoppel. It is not equitable that complainant should set up and permit defendant to expend large sums without taking steps to warn him and to estop him. Here, however, the evidence is that complainant did warn defendant; that the matter of finishing the roof (which was being constructed when complainant saw it) was only a matter of two or three days (and until the roof was under

construction there was no violation), and the whole structure only cost some $77. I think there is no estoppel against complainant here.

It is also contended that the right to enforcement has been lost by reason of other violations. The evidence shows no situation leading to that result. The gasoline pump at the far end of the tract is not a violation of the covenant in question, and, even if it were, would not, under the circumstances already mentioned, deprive the rest of the tract of the right to enforcement. The billboards erected on some lots do not violate the covenant; they are not buildings. Nor is the fact that complainant permitted a lessee for one month, a year before, to maintain a similar structure to defendants on the prohibited area, such a violation as to wreck the scheme.

One other argument is made that, under the language of the covenant, the restriction does not apply to any lands except those actually being within fifteen feet of Woodside avenue *and* within fifty feet of Broad street. I think there is no merit in this. The word "and" is clearly to be construed "or." *Cf. Elizabeth Trust Co.* v. *Clark, 2 N. J. Adv. R. 1690* (at *p. 1693*), and cases cited.

Decree will be advised restraining the continuance of the violation.