### KELLY v. CARPENTER.

1. COVENANTS—BUILDING RESTRICTIONS—CONSTRUCTION.
   In construing the language of a building restriction in a deed, the court may not add thereto for the purpose of broadening the restriction, nor deduct therefrom for the purpose of limitation, but it should be given a fair construction.

2. SAME—RESTRICTION CONSTRUED STRICTLY AGAINST GRANTOR.
   A building restriction in a deed must be construed strictly against the grantor, and any doubt arising will be solved in favor of an unlimited use of the property.

3. SAME—ERECTION OF CHURCH NOT PROHIBITED.
   Where restrictions in a deed provided that houses should not be built within 25 feet from the street line, a further provision that "no buildings other than a dwelling shall be built within 25 feet from any street line" may not be treated as surplusage; but is construed to refer to structures other than dwellings, and therefore the erection of a church is not prohibited.

Appeal from Genesee; Black (Edward D.), J. Submitted October 4, 1928. (Docket No. 66, Calendar No. 33,933.) Decided January 7, 1929.

Bill by Louis Kelly and others against Bert Carpenter and others to enjoin the violation of building restrictions. From a decree for plaintiffs, defendants appeal. Reversed, and bill dismissed.

*Guy M. Wilson,* for plaintiffs.

*C. A. Withey,* for defendants.

SHARPE, J. A plat of the Pomeroy-Bonbright addition to the city of Flint was made and filed in 1908. Three additions have been made thereto, the third in 1914. Defendants, the trustees of the Christian and Missionary Alliance Gospel Tabernacle, in the city of Flint, appeal from a decree enjoining them from proceeding with the erection of a building in the third addition to be used for church purposes. The plaintiffs, 23 in number, reside on lots adjacent to or within a few blocks of the proposed construction. The question presented is whether the erection of the proposed building will violate the restrictive provisions contained in all of the deeds from the plat owner to purchasers in the subdivision. These restrictions read as follows:

"This deed is made subject to the following building restrictions which have been adopted for the Pomeroy-Bonbright First, Second and Third additions:

"*First:* No houses shall be erected in the First addition which shall cost less than six hundred dollars, nor in the Second addition which shall cost less than one thousand dollars, nor in the Third addition which shall cost less than twenty-five hundred dollars.

"*Second:* The front foundation wall of all houses shall not be less than twenty-five feet from the street line.

"*Third:* All houses shall have a suitable foundation of brick, stone or cement, and shall be built in a good and workmanlike manner, the frame work to be of suitable material, and the studding and rafters used thereon shall be not less than two by four in size.

"*Fourth:* No buildings other than a 'dwelling shall be built within twenty-five feet from any street line, except on lots reserved for store sites as hereinafter provided in clause 5.

"*Fifth:* A store or public building, costing not less than three thousand dollars, the outside walls of which are constructed of brick, stone or cement with block finish, may be erected on any lot adjoining Saginaw street in the Third addition without regard to any building line."

The front of defendants' building was located 25 feet from the street line. The first restriction limits the cost of "houses" to be erected. The second prescribes the distance of the foundation wall from the line of the street. The third provides for the manner in which the "houses" shall be built. The fourth is the troublesome one. It reads:

"No buildings other than a dwelling shall be built within twenty-five feet from any street line, except on lots reserved for store sites as hereinafter provided in clause 5."

The fifth releases stores or public buildings on Saginaw street from compliance with the building line.

It is urged by defendants' attorney that, in view of the limitation of the building line in the second restriction, the fourth was unnecessary unless the intent was to permit buildings other than residences

to be erected if compliance therewith be had. While the first three refer to ''houses,'' only the fourth applies to ''buildings other than a dwelling.''

This court has gone far to protect the owners of property in residential districts from the invasion of buildings intended for use for business or public purposes. We can, however, but give the language used a fair construction. We may not add thereto for the purpose of ·broadening the restriction, nor deduct therefrom for the purpose of limitation. As the restriction appears in the deed, it must be construed strictly against the grantor, and any doubt arising will be solved in favor of an unlimited use of the property. *Austin* v. *Kirby,* 240 Mich. 56, and cases cited.

If we read the restrictive covenants omitting the fourth, the intent to restrict the use of the property to dwellings except ''on any lot adjoining Saginaw street in the Third addition'' is quite clearly apparent. Why was the ''Fourth'' restriction inserted? May we treat it as surplusage? The claim of the plaintiffs is based upon our duty to do so. The language used is not ambiguous, nor does it contradict or vary the provisions in the other four. After providing the conditions under which ''houses'' may be built in the first three and permitting stores or public buildings to be built in the fifth, it plainly says that ''No buildings other than a dwelling shall be built within twenty-five feet from any street line.'' The restriction in this respect is clearly stated. The word ''buildings'' must, therefore, have been intended to refer to a structure other than a dwelling.

The evidence discloses that apartment houses have been erected in the third addition and two churches in the first addition. These contained similar restrictions. The gravamen of plaintiffs' complaint is well stated in the testimony of one of them:

"We don't object to any ordinary church. We have one little church near us there that we have no objection to. I object to this particular denomination. We have always known them that they were noisy; that is why I object to them. The Lutheran church is just a block from us east. It is about five blocks to the Catholic church. The Dort school is four blocks north from us, and about five blocks south to the big Catholic school they are building now.   *   *   *

"Q. If this were a Catholic church that was being built where this Tabernacle is being built, you would not object to it, would you?

"A. I guess not. I would not think that was objectionable and a damage to the community, and nobody else seems to think so."

Counsel for plaintiffs relies on the construction placed on the restrictions in *Stewart* v. *Stark*, 181 Mich. 408. The word "building" as distinguished from "house" also appeared therein. It was said:

"The language of the restrictions and the condition of the property when it was platted support the idea that it was intended and supposed that residences only and necessary and convenient outbuildings would be erected on the property."

This strongly supports plaintiffs' contention, but, as pointed out by defendants' attorney, it was also said:

"It is unnecessary for us to consider whether the restrictions impliedly deny the right to build store buildings upon the property."

The decree of the trial court will be set aside, and one may be entered here dismissing the bill of complaint, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.