## Madden's Ex'r v. Commonwealth.

March 10, 1939.

KING SWOPE, Judge.

WILLIAM MARSHALL BULLITT, LEO T. WOLFORD and WILLIAM A. MINIHAN for appellant.

HARRY D. KREMER for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

This case is before us on a second appeal. Commonwealth v. Madden's Ex'r, 265 Ky. 684, 685, 97 S. W. (2d) 561, 107 A. L. R. 1379. Reference thereto will show

that the court held the bank deposits of decedent in banks outside of Kentucky subject to the rate of 50 cents per $100, as is other intangible property (Section 4019a-10) and not as provided by Section 4019a-1, Kentucky Statutes, fixing the rate on deposits in domestic banks as 10 cents per $100.

We reversed so much of the judgment of the lower court as held the statute contrary to the provisions of the Federal Constitution, which was the sole issue before the lower court and here on this phase of the case. On a remand for a new trial for proceedings consistent with our opinion, appellant tendered an amended answer, which was filed without objection, and to which appellee replied, denying its allegations, save such as plead that decedent was a citizen of the United States and Kentucky.

The court overruled appellee's motion to strike the answer from the files. Counsel for appellee is now complaining of the court's ruling, because following reversal it came too late, and injected new matter which might have been plead in the former defensive pleadings. Our conclusions, later expressed, obviate the necessity of passing on this technical question, since it is doubtful if the amendment presented any new defensive matter, it being as we view it a mere elaboration of the legal defense set up in the former pleadings. Civil Code of Practice, Section 134. Furthermore, the issue presented was fully considered and decided in the former opinion. Counsel for appellee contends that the first opinion is the law of the case.

After pleading (the admitted fact) that decedent was a citizen of the United States, and a citizen and resident of Kentucky, appellant averred that to construe the statutes so as to impose the higher rate on deposits in foreign banks than on deposits in domestic banks, as we had done, violated Section 2 of Article 4 of the United States Constitution, U. S. C. A., and Section 1 of the 14th Amendment, which respectively provide in part:

"The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States. * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States."

It appears from appellant's pleadings that counsel

had relied on so much of the 14th Amendment to the Federal Constitution as prohibited the taking of property without due process of law, and as guaranteed equal protection of the laws.

In the brief, which is in the nature of a petition for rehearing, it is contended that in view of the ruling of the Supreme Court, in the case of Colgate v. Harvey, 296 U. S. 404, 56 S. Ct. 252, 80 L. Ed. 299, 102 A. L. R. 54, this court should reconsider and reverse its finding, insisting that the Colgate case is controlling, and that the "law of the case" rule should not be applied "where a question of constitutional law is involved, as no former decision can prevail over the Constitution."

Reading the opinion it is perceivable that in considering this phase of the case the court did so with the Colgate opinion before it, adverted to and quoted from it, discussing the question at hand in its light and the light of those provisions of the Federal Constitution set up in the final pleading.

Appellant after filing amended answer, and upon appellee's motion for judgment in conformity with the opinion, moved the court to make separate findings of fact and conclusions of law, and the court in response to the request wrote:

"On the first trial of this cause, this Court found the fact to be with reference to the assessment of bank accounts by the State of Kentucky, as follows:

" 'It is the universal practice in Kentucky to assess bank accounts at the rate of 1/10th of 1% based upon the amount of such deposits on July 1, of each year, and such universal practice prevailed during the years 1924 to 1929, inclusive.'

"In the opinion of the Court of Appeals herein handed down June 23, 1936, such finding of this court was not reversed or disapproved, and as there was no contrary evidence offered on the second trial, the said finding of this Court on the first trial is hereby readopted and reaffirmed.

"1. The decedent * * * was a citizen of the United States as well as a citizen of the State of Kentucky, and under the Constitution of the United States, Article 4, section 2, and the Fourteenth

Amendment thereto, Section 1, no state law can be made or enforced which will abridge the privileges and immunities of a citizen of the United States. The assessment and collection of taxes by the State of Kentucky upon bank accounts kept by a citizen thereof in banks outside the State of Kentucky, at a higher rate than that applied to bank accounts kept within the State of Kentucky, is discriminatory and violates the said provisions of the Constitution of the United States.

"2. Since, as found by this Court upon the first trial it is, and was, during the years 1924 to 1929, inclusive, the universal practice in Kentucky to assess bank accounts at the rate of 1/10th of 1% of the amount of deposits on July 1st of each year, the assessment and collection of taxes against this defendant at a higher rate of taxation than has been applied, by such universal practice, to other taxpayers within the State of Kentucky, has the effect of denying to this defendant due process of law and the equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States."

The finding of fact as stated by the court would have been more accurate and conformable to the proof had it read "* * * it was, during the years involved, the practice in Kentucky to levy the rate of 1/10th of 1% on all deposits in Kentucky banks as of July 1st each year, and to levy the higher rate on deposits by residents of Kentucky in foreign banks."

Notwithstanding this expression of his conclusions of law, the court following the mandate, entered judgment against appellant for taxes covering the several years involved, applying the higher rate provided by the statute, supra, and it is solely from this judgment the appeal is prosecuted.

In assessing bank deposits in and out of the State, officers charged with such duties followed the provisions of the statute (Sections 4019a-1, 4019a-10) and applied the respective provided rates. With the correction indicated, we have no hesitancy in approving the finding of fact by the chancellor as to methods applied during the respective years involved.

However, we cannot lend our approval to the conclusions of law expressed by him. The facts adverted

to by the lower court were in the mind of this court in passing on the question presented. We expressly determined that the provisions of the Federal Constitution relied on by appellant were not violated. The conclusions of law thus are in the face of our former decision. We adhere to the conclusion reached on the former hearing and as expressed in our opinion. The chancellor's judgment conformed to our mandate on the first appeal even though his conclusions of law did not.

Judgment affirmed.