## Hartman et al. v. City of Louisville et al.

March 22, 1940.

Richard Priest Deitzman, Special Judge.

488

Attkisson & Attkisson for appellants.

Hal O. Williams, Lawrence S. Poston, Luther M. Roberts, Joseph G. Sachs and Robert E. Grubbs for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This appeal is from a judgment of the Jefferson circuit court holding an ordinance of the city of Louisville known as the "wholesale fruit and vegetable ordinance" enacted on March 23, 1937, to be valid and constitutional. Under the ordinance "established dealers" as defined therein are required to pay a license fee of $100 per annum and each non-established dealer is required to pay a license fee of $250 per annum. Appellants, who come in the classification of non-established

dealers are attacking it on the grounds that it is capricious, arbitrary, discriminatory and the classification attempted to be made is not founded upon any natural or reasonable distinction and does not impose the same tax or license upon all persons of the same class; that the amount of license tax imposed is discriminatory, unreasonable, oppressive and prohibitive and has the purpose of prohibiting the business engaged in by appellants.

The case was heard in the court below by the Honorable Richard Priest Deitzman as special judge who rendered an opinion setting forth his views. While he did not go into detail concerning the evidence we have carefully reviewed and considered it and find that it supports the finding in every particular. Since we find ourselves in harmony with the finding of the learned chancellor, we can do no better than to adopt his terse opinion which reads:

"This is a suit brought by the plaintiffs against the defendants to enjoin the enforcement of an ordinance of the City of Louisville approved April 13, 1937, and entitled, 'Wholesale Fruit and Vegetable Ordinance'. The ground of attack is the unconstitutionality of the ordinance.

"The plaintiffs are representative of the various interests affected by the ordinance and they fall into two categories: (a) A farmer and gardener who sells his own produce on the market in the City of Louisville, and (b) Inter-city truckers.

"As to category (a), the ordinance which levies the license tax on wholesale dealers exempts from the tax, whether imposed on established dealers or non-established dealers, any person who sells only produce raised or produced by him as owner, landlord or tenant, but requires such person to obtain what I shall call an exemption permit from the City and which said person can obtain only on the payment of the fee of 50c and a showing to the Commissioners of the Sinking Fund that he falls within the exempt class.

"It is claimed that the City is without power to require the payment of this 50c fee from those falling in category (a) and the case of Karnes v.

City of Benton, 258 Ky. 425, 80 S. W. (2d) 558, is relied upon.

"The reading of that case, however, will disclose that the decision went off on the ground that a farmer who had brought the surplus meat left from his killing on the farm to the City of Benton and there sold it did not fall within the meaning of the words, 'Trade or business' as set out in the ordinance of the City of Benton levying license taxes on said people engaged in the trade or business therein referred to. Obviously that case has no bearing in the present issue. The 50c fee imposed by the ordinance here in question is not an excise tax or a privilege tax but simply an inspection fee levied under the police power to aid in the enforcement of the ordinance generally, even as automobile tag license fees are inspection fees levied under the police power and as such upheld in the Court of Appeals in the Smith case, Smith v. Com., 175 Ky. 286, 194 S. W. 367.

"If the ordinance here attacked is otherwise constitutional, I am of the opinion that the inspection fee here exacted of those falling in category (a) is a valid exercise of the police power.

"Turning our attention now to category (b), it is claimed that the ordinance is unconstitutional, (1), because the classification of established dealers and non-established dealers has no reasonable basis to support it, and (2) if the classification be reasonable, then the tax of $250 upon non-established dealers is confiscatory and prohibitive.

"Of course, if such conditions or either of them are sound, the ordinance will have to fall. That the Legislature may classify objects of taxation is no longer open to doubt. The only restriction being that classification must rest on a reasonable basis and as set out in the case of Reynolds Metal Company et al. v. Martin et al., 269 Ky. 378, 107 S. W. (2d) 251, 260, 'A classification adopted by a Legislature in imposing occupation taxes will be held constitutional if there are substantial differences between the occupations separately classified, and such differences need not be great.'

"The foregoing was taken by the court in the Martin case from the case of Williams v. City of Bowling Green, 254 Ky. 11, 70 S. W. (2d) 967, 968.

"In that case the court upheld classification of dry cleaners who did their own dry cleaning and dry cleaners who farmed the business they secured out to others for the purpose of having the dry cleaning done.

"This record is replete with the difference in the method and manner of doing business between established dealers and non-established dealers and reference is particularly made to the proof of Mr. C. D. Phillips from the Department of Agriculture of the University of Kentucky.

"I find that there is a reasonable basis of classification between established and non-established dealers.

"Coming to contention (2), it is incumbent upon the plaintiffs herein to establish that the tax here involved is confiscatory and prohibitive in its effect. Of course, unless the occupation be of the character that may be absolutely prohibited, taxes levied against it must not be confiscatory or prohibitive. Martin v. Nocero Ice Cream Company et al., 269 Ky. 151, 106 S. W. (2d) 64.

"The presumption is that an ordinance is valid. The proof must establish that the tax is prohibitive or confiscatory on the industry as a whole. It will not do to simply show that it weighs heavily or even too heavily in individual cases. The Nocero Ice Cream case sets out these principles.

"The proof in this case indicates that the tax on non-established dealers does weigh heavily upon them but the proof appears to me to show that in the case of non-established dealers who patronize this City rather regularly the reason the tax weighs so heavily is that it exhausts their working capital. I think this is a fair inference from the testimony of K. S. George.

"Any tax will weigh heavily on a business insufficiently capitalized.

"The testimony of Mr. Millet is significant. In answer to question 27 he said: 'I would not say two or three loads a week, that would be one hundred and fifty loads in a year's time—three loads a week would be one hundred and fifty loads in a year's time and I can readily see there would be occasion for a man bringing one hundred and fifty loads a year to Louisville to pay a tax of $250.00 without any burden to him at all but I think the individual who comes to Louisville with ten or twelve loads of peaches and that is all he ever comes with, I think $250.00 is an excessive amount for a trader of that type.'

"In this case it must be remembered that the license tax herein imposed authorizes the licensee to conduct his business throughout the year.

"The testimony of Mr George is to the effect that he averages between one hundred and fifty and two hundred loads a year. The testimony of Mr. Swanson is to the effect that he and his partner will average about two loads a week, which would run his loads somewhere between one hundred and twenty and one hundred and twenty-five during the year.

"Of course, if a man having a license to do business for a year chooses only to transact business for one day of that year, any license fee he pays will be prohibitive upon him unless such license fee be nominal.

"I am of the opinion, in the light of the proof, that the plaintiffs themselves have established that on any ordinary volume of business the license fee, while perhaps heavy, is not excessive or prohibitive.

"It is not for the court to substitute its judgment of fairness for that of the city council. It is the court's province to determine only whether the license is confiscatory and prohibitive.

"I am of the opinion that the plaintiffs have failed to establish that in this case, for which reason I must hold that the ordinance here attacked is constitutional."

Judgment affirmed.