125 So.2d 582 (1960)
UNION TRUST COMPANY, as Trustee, Appellant,
v.
John S. LUCAS, Jr., etc., et al., and City of St. Petersburg Beach, Florida, a municipal corporation, et al., Appellees.
CITY OF ST. PETERSBURG BEACH, Florida, a municipal corporation, Appellant,
v.
John S. LUCAS, Jr., et al., Appellees.
Nos. 1485, 1486.
District Court of Appeal of Florida. Second District.
December 16, 1960.
*583 Adrian S. Bacon, St. Petersburg, for appellant, Union Trust Co.
*584 Denny J. McGarry, St. Petersburg Beach, for appellants, City of St. Petersburg Beach and Board of Adjustment.
No appearance for appellees.
WILLIAMS, VOLIE A., Jr., Associate Judge.
By prior order of this Court the appeals in the above styled causes were consolidated for the purposes of the record on appeal, briefs and oral argument, and both cases will be disposed of in this opinion.
The appellant, Union Trust Company, as Trustee, was intervenor in the Circuit Court proceedings below, and appellant, City of St. Petersburg Beach, Florida, a municipal corporation, and Jacob Kartman, Joseph A. Skinner, Walter T. Wilkinson, Fred Berger and Earl G. Wise, Chairman and members, respectively, and comprising in the aggregate the Board of Adjustment of the City of St. Petersburg Beach, Florida, were the principal respondents below. The appellees, John S. Lucas, Jr., individually, and Margaret W. Lucas, as trustee of certain trusts created by the Last Will and Testament of J. Spencer Lucas, deceased, were the petitioners in the Circuit Court proceedings.
In this opinion, the City of St. Petersburg Beach, Florida, and the Board of Adjustment of said City will be referred to as the appellants; Union Trust Company, as Trustee, as Intervenor; and John S. Lucas, Jr., and Margaret W. Lucas, as appellees.
In August, 1958, appellees applied to the appellant City for a permit to construct a swimming pool and a screened enclosure to surround the swimming pool. The pool was to be constructed in the front yard of the Cameo Apartments owned by appellees.
A permit was issued to the appellees for construction of the swimming pool and for the screened enclosure; however, on October 20, 1958, the building inspector of the appellant city revoked the permit to construct the screened enclosure because such construction violated the set-back provisions of the zoning ordinances of appellant city. Such structure would be located in violation of the zoning ordinance if such structure was, in fact, a building.
On October 21, 1958, the appellees filed an appeal with the Board of Adjustment of appellant city and asked said Board to reverse the building inspector's decision and, failing that, that the Board authorize an exception or variance from the zoning ordinance.
Subsequently, on November 18, 1958, the exception or variance requested by the appellees was denied by the Board and the decision of the building inspector was affirmed.
On December 15, 1958, the appellees filed their petition for a writ of certiorari to the Circuit Court of Pinellas County under the authority of Chapter 176, Florida Statutes, F.S.A.
Writ of certiorari issued December 16, 1958.
Motions to dismiss were filed to the petition for the writ of certiorari and later to the writ, and the court denied these motions because it was his view that:
"* * * the Zoning Ordinance of Respondent City, insofar as the set-back provisions thereof are concerned, fails to supply a sufficient standard by which to determine what is or is not a building within the purview of said set-back provisions, so that the Ordinance is in such respect vague and indefinite * * *."
Answers were filed and on motion for judgment on the pleadings, final decree was entered for the appellees reversing the decision of the Board of Adjustment with directions to reinstate the building permit and to permit the completion of the construction authorized thereby.
The first question raised by the appellant under the intervenor's Assignments of error No. 3 and No. 4, is as follows:

*585 May a Circuit Court, upon a petition for a writ of certiorari under the provisions of Section 176.16-19, of Florida Statutes, decide the constitutionality or validity of a zoning ordinance under which said petitioner has unsuccessfully sought a variance through the Board of Adjustment?
The circuit court below decided this question in the affirmative.
Appellants contend that the circuit court was without authority to pass upon the constitutionality or validity of the zoning ordinance, and that the circuit court erred in deciding it had jurisdiction to determine the question in the affirmative.
Chapter 176 of Florida Statutes, F.S.A., provides the procedure to be followed by a litigant seeking a review of an administrative zoning ruling. The vehicle of review is a writ of certiorari and the scope of the writ is set forth by Section 176.19, Florida Statutes, F.S.A., as follows:
"If, upon the hearing, it shall appear to the court that the testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review."
The Supreme Court, in Josephson v. Autrey, Fla. 1957, 96 So.2d 784, observed that the procedure prescribed by the statute is not the usual certiorari proceeding wherein the review is limited, but on the contrary, it is in the nature of a trial de novo. The circuit court is not limited to the record that was compiled before the zoning board of appeals. The judge is authorized to take additional evidence and enter such orders as are necessary to the complete determination of the issues presented in the petition by the aggrieved party.
The following question was presented to the court in DeCarlo v. Town of West Miami, Fla. 1950, 49 So.2d 596:
"May a party seek injunctive relief in a court of equity, on the ground that a zoning ordinance is invalid with respect to such person's property, without first having exhausted the administrative remedies available under such ordinance?"
The court pointed out that this question had already been answered in the negative in City of Miami v. Rosen et al., 151 Fla. 677, 10 So.2d 307. The reason behind requiring the exhausting of administrative remedies was explained by the Supreme Court in stating:
"The administrative boards usually provided for the consideration and review of zoning problems are made up of local people, having the advantage of full local information as to the reasons behind the various zoning regulations. Their findings, while not conclusive, are indeed helpful in the ultimate determination of the rights of the parties. Moreover, the inequalities of a zoning ordinance, if called to the attention of such local administrative boards, may frequently be adjusted at that level. Such boards should, at least, be given an opportunity to afford relief, or state their reasons for not doing so.
"Having failed to exhaust her administrative remedies, the plaintiff's suit was prematurely filed, and there was no error in dismissing it."
Thus, it is clear that the aggrieved party must pursue the administrative remedies provided before applying to the court for relief even in situations where the validity of the ordinance is the question which the party desires the court to determine. Certainly, the board is without power to *586 declare the ordinance by which it was created invalid, and is limited to determine the applicability of the ordinance to the set of facts presented by the aggrieved party.
It is noted in Section 176.16, Florida Statutes, F.S.A., that the petition for certiorari to the circuit court should set forth "that such decision is illegal, in whole or in part, specifying the grounds of the illegality * * *." (Emphasis added.) In order to justifiably move a zoning board to grant a variance, the applicant must show that a strict application of the zoning ordinance produces a unique or unnecessary hardship with reference to his parcel of land. If the variance is denied and the legality of the board's decision is subject to review by a statutory certiorari proceeding, the applicant could reasonably be expected to show that the portion of the zoning regulation as strictly applied to his land resulted in a violation of his constitutional rights.
In view of these requirements and considering the wide scope of the certiorari proceeding prescribed by the statute, to hold that the aggrieved party cannot directly attack the validity of the ordinance is to judicially narrow the intent of the statute and penalize a party for having pursued the remedies that the law requires him to pursue, and it is our view that the constitutionality of the zoning ordinance, as applied to the appellees, was properly raised and preserved for determination by this court.
The second question raised by the appellants under the intervenor's Assignments of error No. 4, No. 5, No. 6, No. and No. 8, is as follows:
Is a municipal zoning ordinance having set-back provisions requiring buildings to be set back certain stated distances from front and side yard lines void insofar as such set-back provisions are concerned for the reason that such ordinance fails to define the word "Building"?
The Circuit Court in the case at bar answered this point in the affirmative in holding the Zoning Ordinance of the City of St. Petersburg Beach void and holding that the decision of the Board of Adjustment challenged by the petition for certiorari cannot be sustained as against the charges set forth in sub-paragraph b of paragraph 10 of Appellees' petition for writ of certiorari, which alleged as follows:
"The zoning ordinance in question does not define the words `building' and `structure' either in the set-back provisions of the ordinance or elsewhere, the result being that neither the building inspector nor the Board of Adjustment has been provided with any standards by which to determine what is or is not a building or structure, but may arbitrarily apply the set-back provisions of the ordinance according to their own individual whim or caprice, wherefore petitioners aver and charge that said ordinance, insofar as the set-back provisions are concerned, is so vague and indefinite as to be wholly void."
The word "building" was not actually defined in the Zoning Ordinance. However, the appellants contend the failure of the ordinance to define the word "building" did not invalidate the ordinance since the word has a recognized meaning in the law and is properly the subject of judicial interpretation; and that a "screened enclosure" is a building within the intendment and meaning of the zoning ordinance.
From an examination of the zoning ordinance as a whole, it appears that the word "building" was contemplated therein to include a "screened enclosure". Furthermore, we consider the word "building", in its ordinary and usual acceptation, includes a "screened enclosure".
In the case of Brown v. Sikes, 188 S.C. 288, 198 S.E. 854, 856, the Court said:
"The word `building' is defined by Webster as, `that which is built; a *587 fabric framed and designed to stand more or less permanently.'"
In the case of McGalliard v. Chapman et al., 129 A. 256, 257, 3 N.J. Misc. 609, the Court said:
"A `building' is defined by Webster's New International Dictionary as `that which is built; specifically, as now, generally used, a fabric or edifice, framed or constructed, designed to stand more or less permanently, and covering a space of land, for use as a dwelling, storehouse, factory, shelter for beasts or some other useful purpose.'"
In the case of Netter et al. v. Scholtz et al., 282 Ky. 493, 138 S.W.2d 951, 953, the Court said:
"* * * An analysis of the cases bearing on the question will reveal that the marked tendency of courts in construing the word building as used in legislative acts, municipal ordinances, restrictive covenants, etc., is to give effect to the intent and purpose of the act, ordinance, or instrument and in so doing to extend the meaning of the term to cover structures that ordinarily would not fall within the strict definition of the word."
When a city ordinance appears on its face to have been regularly enacted, all presumption will be indulged in favor of its validity. In the case of Gustafson v. City of Ocala, Supreme Court of Florida, 53 So.2d 658, 661, the Court stated:
"One attacking the validity of an ordinance has the burden of establishing its invalidity when such ordinance appears on its face to have been regularly enacted. All presumptions will be indulged in favor of the validity of an ordinance when regularly enacted * * *."
We, therefore, find the lower court erred in deciding that the set-back provisions of the zoning ordinance were invalid for failure to supply a sufficient standard for determining what is or is not a building and that the ordinance is, in such respect, vague and indefinite.
Since the lower court should be reversed for the reason above stated, it is not necessary to decide the third question raised by appellant and the remaining assignments of error.
The final decree in favor of appellees is reversed.
Reversed.
ALLEN, C.J., and SHANNON, J., concur.