RENFRO VALLEY FOLKS,
INC., Appellant,

v.

CITY OF MT. VERNON,
Kentucky, Appellee.

No. 93–CA–000709–MR.

Court of Appeals of Kentucky.

Dec. 29, 1993.

Rehearing Denied March 11, 1994.

Elizabeth Hughes Spears, C. Timothy Cone, Gess, Mattingly & Atchison, P.S.C., Lexington, for appellant.

John E. Clontz, Clontz & Cox, Mt. Vernon, for appellee.

Before JOHNSON, JOHNSTONE and MILLER, JJ.

### *OPINION*

JOHNSON, Judge.

This is a declaratory judgment action in which the appellant, Renfro Valley Folks, Inc. (Renfro Valley), appeals from a summary judgment in favor of the appellee, the City of Mount Vernon, Kentucky (the City). The Rockcastle Circuit Court ruled that the business license tax imposed on "Entertainment Centers" by the City was constitutional, valid and enforceable. We reverse.

City Ordinance 6–88, effective January 1, 1989, imposed business license taxes for the privilege of operating a wide variety of businesses within the City. One hundred and forty-one (141) classifications of businesses are identified therein, with flat-rate taxes ranging from $15.00 to $200.00. Of particular relevance herein are the following classifications and fees:

| | | |
|---|---|---|
| (21) | Bowling alleys, per year | $ 50.00 |
| (31) | Carnivals, for exhibition or conducting in the city or to cover cost of police supervision, per week or fraction thereof | $100.00 |
| (32) | Carnivals, using streets to parade to attract trade | $ 30.00 |
| (48) | Exhibitions, given on the streets or in any building in the city to which admission is charged, per day | $ 30.00 |
| (69) | Golf links, course, per year | $100.00 |
| (94) | Motion picture houses or theaters | $ 75.00 |
| (116) | Recreation | $100.00 |
| (121) | Skating rink, per year | $ 75.00 |

For many years, Renfro Valley, which is near Mount Vernon, has been a center of country and western musical entertainment. In 1989 and 1990, Renfro Valley Folks, Inc. expanded the scope of its musical attractions and diversified the offerings to tourists and country music fans. Renfro Valley extensively remodeled existing lodging and dining facilities and constructed a new 1,538 seat theatre show barn, as well as a "Main Street" consisting of numerous specialty shops. On June 7, 1990, the City annexed the area of Rockcastle County known as Renfro Valley, including the property and newly constructed and renovated facilities owned by the appellant. On June 14, 1990, a "Grand Opening" of the new facilities took place. Shortly after this "Grand Opening," the City introduced an amendment to Ordinance 6–88. This amendment (ultimately Ordinance 12–90) proposed to assess a license tax of 3% of the gross ticket receipts upon a new business classification designated as "Entertainment Centers." Ordinance 12–90 defines "Entertainment Centers" as "[a]ny business entity that provides entertainment and charges a fee for admission." The businesses known as Aunt Polly House, Old Opera House, Ole Joe Clark Festival, and Rockcastle Jaycees Magic Show also fell within the new business classification. Ordinance 12–90 was adopted on September 6, 1990.

On September 25, 1991, Renfro Valley filed the present action in the Rockcastle Circuit Court, challenging Ordinance 12–90 and seeking a declaration of rights as to its validity. Renfro Valley also sought a permanent injunction precluding the City from enforcing the ordinance.

Renfro Valley and the City filed cross-motions for summary judgment, and on January 8, 1993, the Rockcastle Circuit Court granted summary judgment to the City, ruling that Ordinance 12–90 is valid and enforceable and denying Renfro Valley's request for a permanent injunction. Renfro Valley then filed a motion to alter, amend or vacate the summary judgment, which was overruled. This appeal followed.

The sole issue before us is whether the summary judgment in favor of the City was properly granted. Since we disagree with the trial court's ruling that the City is entitled to judgment as a matter of law, we

reverse. *Goldsmith v. Allied Bldg. Components, Inc.*, Ky., 833 S.W.2d 378, 381 (1992).

Renfro Valley challenged the validity of Ordinance 12–90 on constitutional grounds. In its brief, Renfro Valley argues that the tax imposed on it is unconstitutional since the tax "must be based on a fair apportionment of the cost of city services according to an objective standard reasonably related to the costs incurred;" and "must be imposed on all business entities for the purpose of covering general operating costs in excess of the ad valorem revenue." *Quoting City of Erlanger v. KSL Realty Corp.*, Ky., 819 S.W.2d 707, 709 (1991).

■ This approach fails to make a fundamental distinction: Business license taxes may be imposed under the police power for purposes of regulation or under the taxing power for purposes of revenue. *See Commissioners of the Sinking Fund of the City of Louisville v. Hopson,* Ky.App., 613 S.W.2d 621, 623 (1980) (quoting *City of Louisville v. Sebree,* 308 Ky. 420, 428, 214 S.W.2d 248, 253 (1948), and *City of Henderson v. Lockett,* 157 Ky. 366, 369, 163 S.W. 199, 201 (1914)); *see also* 51 Am.Jur.2d *Licenses and Permits* §§ 89–90 at 89–01 (1970).

■ A "tax" imposed pursuant to regulatory legislation is really just a fee imposed to defray the costs of services rendered by government to the individual. This fee may not exceed the sum which will compensate the licensing authority for such services as issuing, recording, and inspecting related to the regulations to be enforced. *City of Erlanger v. KSL Realty Corp.*, Ky., 704 S.W.2d 649, 650–651 (1986); *see also* 58 Am.Jur.2d *Occupations, Etc.* § 10 at 1175–1176 (1989). However, this rule of law is irrelevant herein since we find as a matter of law that the business license tax imposed by Ordinance 12–90 is revenue legislation. An imposition under a general taxing ordinance is presumed to be for revenue alone, unless the contrary is made clearly to appear.

■ Renfro Valley misapplies *City of Erlanger v. KSL Realty Corp.*, Ky., 819 S.W.2d 707 (1991), which was a regulatory legislation case. The requirement that the tax must be based on a fair apportionment of the cost of city services according to an objective standard reasonably related to the cost incurred applies to regulatory legislation cases and not revenue legislation cases.

■ However, we hold that Ordinance 12–90 fails constitutional scrutiny under the so-called "uniformity and equality in taxing" test. We begin our discussion with the observation that the constitutionality of business license taxes has been an area of expanding judicial interpretation. The only mention of uniformity in the Kentucky Constitution is in that part of § 171 which reads:

> ... Taxes shall be levied and collected for public purposes only and shall be uniform upon all *property* of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws. (emphasis added).

And, the only relevant mention of license fees is in that part of § 181 which reads:

> ... The General Assembly may, by general laws only, provide for the payment of license fees on franchises, stock used for breeding purposes, the various trades, occupations and professions, or a special or excise tax;
>
> ....

However, in a consistent line of cases, Kentucky's appellate courts have held that business license taxes fall within the uniformity mandate of § 171. *See e.g. Reeves v. Adam Hat Stores, Inc.*, 303 Ky. 633, 634, 198 S.W.2d 789, 790 (1947).

■ During the approximate one hundred years of judicial interpretation of § 171,[1] two basic principles have emerged:[2] (1) taxes imposed under § 181 must be uniform *within* the class; and (2) although there need not be *uniformity* amongst classes, there must be *equality* amongst sufficiently-related classes

---

**1.** § 171 was adopted in 1891 along with the rest of Kentucky's present Constitution.

**2.** *See* William L. Matthews, Jr., *Constitutional Uniformity as a Rule for the Validity of License Taxes in Kentucky,* Vol. XXXVI, No. 4 Ky.L.J. pp. 357–78 (May, 1948).

so that inter-class discrimination cannot be said to be arbitrary, unreasonable, or capricious.

The uniformity within the class requirement is set forth in *Hager v. Walker*, 128 Ky. 1, 12, 107 S.W. 254, 257 (1908):

> We do not believe it was contemplated by this section [§ 181] that the General Assembly might impose a license fee for State purposes upon blacksmiths in one county and exempt blacksmiths in another.... The authority to impose these special taxes does not carry with it the right of discrimination and exemption in any class that is dealt with.

128 Ky. at 12, 107 S.W. at 257.

It is noteworthy that the idea that there must be uniformity *amongst* classes was expressly rejected:

> An exact equalization of the burden of taxation is unattainable and Utopian.... Taxation may not be universal; but it must be general and uniform.... And, although there may be a discrimination in the subjects of taxation, still persons in the same class and property of the same kind must generally be subjected alike to the same common burden.

*Id.* at 15–16, 107 S.W. at 258.

■ The equality requirement should not be regarded as a separate and independent limitation flowing from § 171, but rather as a necessary corollary to the broad constitutional mandate of uniformity. The legislature must choose some "reasonable," "distinctive," or "natural" basis for its classifications. *See Matthews, supra,* at 366; *Madden v. Commonwealth,* 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940) *affirming* 277 Ky. 343, 126 S.W.2d 463 (1939). Without the equality requirement, the legislature would be free to single out individuals within a class for special treatment by simply drawing a fine line and reclassifying, thereby circumventing the uniformity requirement.

■ However, a classification adopted by a legislature in imposing an occupational tax will be held constitutional if there are substantial differences between the occupations separately classified, and such differences need not be great. *Hartman v. City of*

*Louisville,* 282 Ky. 487, 490, 138 S.W.2d 948, 950 (1940). The law presumes an ordinance valid if any proper reasonable basis can be perceived to justify the classification. *Conrad v. Lexington–Fayette Urban Cty. Govern.,* Ky., 659 S.W.2d 190, 194 (1983).

Ordinance 12–90 does not violate the principle of uniformity since Renfro Valley concedes that it is not the only "Entertainment Center" being taxed by the City. Ordinance 12–90 does, however, violate the principle of equality since there are no substantial differences between "Entertainment Centers" and several businesses listed in Ordinance 6–88, especially in light of the definition of "Entertainment Centers" provided by Ordinance 12–90. More specifically, we find that the following are, or are substantially similar to, "[a]ny business entity that provides entertainment and charges a fee for admission:" bowling alley, carnival, exhibition, golf course, motion picture house or theater, recreation business, and skating rink.

We agree with Renfro Valley that Ordinance 12–90 is prohibited special legislation since it violates the equality mandate of the Kentucky Constitution. Said mandate is directly related to the prohibition against special legislation as follows:

> The language, "The General Assembly may by general laws only" provide for this species of revenue, would seem to imply that it was intended that the application of the law should be general, operating equally and alike upon every trade, occupation, and profession that it was designed to reach. If a few, or any number of persons less than all, who follow a designated trade, occupation, or profession may be exempt, while the others are taxed, the law imposing the tax would not be general, but *special* and local, and forbidden by sections 59 and 60 of the Constitution. (emphasis added).

*Hager v. Walker,* 128 Ky. 1, 12, 107 S.W. 254, 257 (1908).

In the final analysis, there is no well-defined mechanical rule which the Court applies to determine the constitutionality of revenue legislation. Uniformity and equality are broad, general objectives of the constitu-

tion rather than narrow, specific limitations. They stem from fairness in taxation, which means an equality of burden in bearing the expenses of government. It is unfair that "Entertainment Centers" are taxed based on volume of business whereas substantially-similar businesses pay only a nominal yearly fee. The business license tax imposed upon Renfro Valley is arbitrary, unreasonable and capricious; and hence, unconstitutional. We reverse the Rockcastle Circuit Court, and remand for entry of judgment and orders consistent with this Opinion.

All concur.