**GLENN R. WOMACK, M.D., P.S.C, Appellant,**

v.

**CITY OF FLEMINGSBURG; James M. Berry; and Danny Carpenter, Appellees.**

**No. 2001–CA–000366–MR.**

Court of Appeals of Kentucky.

March 22, 2002.

Discretionary Review Denied April 17, 2003.

Case Ordered Published by Supreme Court April 17, 2003.

Ridley M. Sandidge, Jr., Reed Weitkamp Schell & Vice PLLC, Louisville, KY, for appellant.

Douglas L. McSwain, Kevin W. Weaver, Sturgill, Turner, Barker & Moloney, PLLC, Lexington, KY, for appellee.

Before HUDDLESTON, KNOPF and SCHRODER, Judges.

## OPINION

HUDDLESTON, Judge.

Glenn D. Womack, M.D., P.S.C. appeals from the dismissal by the Fleming Circuit Court of his challenge to an ordinance of the City of Flemingsburg establishing an occupational license fee (OLF). Dr. Womack challenged the OLF ordinance as unconstitutional both on its face and as applied to him, and also alleged that the City had been enforcing the ordinance in a discriminatory manner. Because we find the disputed ordinance unconstitutional on its face, we need not reach the allegations regarding its enforcement.

In his initial complaint, Dr. Womack alleged that Flemingsburg's OLF ordinance was violative of both the United States and Kentucky constitutions, and that the city enforced the ordinance in a discriminatory manner. The complaint sought a declaration that the ordinance was unconstitutional, a refund of all occupational license fees which he had paid, and an injunction prohibiting the City from enforcing the ordinance in the future. Upon the City's motion to dismiss the complaint, Dr. Womack amended his complaint as a matter of right[1] to include an allegation that the City consciously violated the principle of uniformity in enforcing the ordinance, and proposing an alternative remedy, namely, mandamus to compel City officials to enforce the ordinance uniformly and consistently.

---

1. *See* Ky. R. Civ. P. (CR) 15.01.

Following the filing of Dr. Womack's amended complaint, the circuit court dismissed his original complaint upon the ground that it failed to state a claim upon which relief could be granted. Twice, the City moved for dismissal of the amended complaint and/or partial summary judgment, arguing that the amended complaint presented essentially the same allegations as the original complaint. Without elaboration, the circuit court denied the City's motions.

At a conference in chambers shortly after the beginning of the bench trial of this case, the circuit court ruled that Dr. Womack's constitutional challenges had been dismissed as a matter of law, and declined to hear evidence on those issues. The court included findings of fact and conclusions of law on these matters in its order and judgment. While the conclusions of law were later deleted in response to a motion by Dr. Womack, the findings of fact remain a part of the circuit court's judgment. The circuit court went on to hold that the various city defendants did not violate the principle of uniformity in enforcing the ordinance, and declined to issue an injunction directing City officials to exercise their discretion in a particular manner.

At the heart of this dispute is Flemingsburg Ordinance 12–85–1, which imposes an occupational license tax on certain businesses and professions carried on within the City. Section 110.02 of the ordinance provides that certain "professions"[2] shall be subject to taxation at a rate of 7/20ths of 1%[3] of their annual gross receipts per year, with the minimum license fee being $200 per year. Those business enterprises not considered "professions" pay a minimum fee ranging from $40 to $160 for their first $200,000 of gross receipts, then a fixed amount based on the schedule provided in section 110.03 of the ordinance.[4]

While this may not appear to be a significant difference in rates of taxation, upon closer analysis the disparity is apparent. As stated in Dr. Womack's brief:

| Gross Income/ Receipts | Non–Professional Fee | Professional Fee |
| --- | --- | --- |
| $100,000 | $160 | $ 350 |
| $200,000 | $160 | $ 700 |
| $300,000 | $350 | $1,050 |
| $400,000 | $490 | $1,400 |

In order for the cost of an occupational license for a non-professional to exceed $1,000, the non-professional would have to realize gross receipts of $4 million. A professional pays a fee just in excess of $1,000 annually on annual gross income of $300,000. A non-professional with gross receipts of $5.5 million would pay the same license fee as a professional with gross income of $400,000 per year. The cost of a license fee for a professional with gross earnings of $400,000 is 286% higher than a non-professional with the same gross receipts.[5]

Local taxes fall into one of two categories: revenue producing or regulatory.[6]

---

**2.** Included within the ordinance's definition of "professionals" are architects, attorneys at law, chiropractors, chiropodists, civil engineers, claim agents, dentists, electrical engineers, optometrists, oculists, opticians, physicians, public accountants, surgeons, surveyors and veterinarians.

**3.** Which is to say 0.35%.

**4.** For gross receipts of at least $200,001 but not over $250,000—$80 per year; at least $250,001 but not over $300,000—$110 per year; at least $301,000 but not over $400,-000—$140 per year; at least $400,001 but not over $500,000—$170 per year; and $15 per $100,000 for all gross receipts over $500,001.

**5.** Appellant's brief, pp. 13–14.

**6.** *See, e.g., City of Erlanger v. KSL Realty Corp.*, Ky., 704 S.W.2d 649 (1986); *Renfro Valley Folks, Inc. v. City of Mount Vernon*, Ky.App., 872 S.W.2d 472 (1993).

Both Dr. Womack and the City have presented this ordinance to us as being of the revenue producing variety, and we will analyze it as such. Matters of statutory construction and interpretation such as presented in this case are questions of law, which are subject to *de novo* review.[7]

As a general matter, cities are permitted to impose occupational license fees on the privilege of doing business within that city in order to generate revenue.[8] The ability of cities to tax is tempered by Section 171 of the Kentucky Constitution, which provides that:

Taxes shall be levied and collected for public purposes only and shall be uniform upon all property of the same class subject to taxation within the territorial limits of the authority levying the tax; and all taxes shall be levied and collected by general laws.

Kentucky courts have long held that occupational license taxes are subject to Section 171. In fact, this Court has observed that:

During the approximate one hundred years of judicial interpretation of § 171, two basic principles have emerged: (1) taxes imposed under § 181 must be uniform *within* the class; and (2) although there need not be *uniformity* amongst classes, there must be *equality* amongst sufficiently-related classes so that inter-class discrimination cannot be said to be arbitrary, unreasonable, or capricious.[9]

The uniformity requirement "is closely related to the prohibition against the exercise of arbitrary power found in Section 2 of [the Kentucky Constitution]."[10]

When an ordinance assigns different tax rates to different classifications, there must be "substantial differences between the occupations separately classified, [although] such differences need not be great."[11] "However, discrimination which does not have a reasonable basis is obviously arbitrary and violates the principle of equality and uniformity set forth in section 171."[12]

In the case at hand, the question is whether the distinction drawn by the City between professions and non-professions for purposes of imposing an occupational license tax is based upon a significant difference between the classes such that the distinction does not amount to an arbitrary exercise of power. While the City argues that there are fundamental differences between professions and non-professions, this intrinsic differentiation is not in any way demonstrated to be the reason for the vastly disparate tax burdens assessed against the two classifications. Instead, the City's only offered justification is that businesses have substantial inventory costs which professionals do not. However, this argument is lacking in merit, for included in the City's definition of businesses are such groups as auto repairers, clairvoyants, palmists, fortune tellers, various types of service contractors, finance companies, watch repairers, loan agencies,

---

7. *See Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cab.*, Ky., 983 S.W.2d 488, 490 (1998).

8. *City of Lexington v. Motel Developers, Inc.*, Ky., 465 S.W.2d 253 (1971); Kentucky Constitution § 181.

9. *Renfro Valley Folks, supra,* n. 6, at 474–475 (citations omitted; emphasis original).

10. *City of Lexington, supra,* n. 8, at 257.

11. *Renfro Valley Folks, supra,* n. 6, at 475 (citation omitted).

12. *City of Lexington, supra,* n. 8, at 257.

nursing homes, radio and/or television stations, shoe repairers, television and radio service, undertakers, and utilities all businesses without substantial inventory costs (or in several cases, no inventory costs at all).

This case presents a dispute analogous to that presented in *City of Lexington v. Motel Developers, Inc.*[13] In that case, Lexington[14] imposed a substantial license tax on hotels and motels which was in addition to the general occupational license tax assessed against all businesses operating within the city. There was nothing regulatory about the tax; it was purely for purposes of revenue production.[15] Kentucky's highest court ruled that the additional tax was arbitrary in violation of Section 2 of the Kentucky Constitution, and that it violated the principle of uniformity in Section 171.

Here, the City of Flemingsburg has designated certain "professionals" as subject to additional levels of taxation not imposed upon other businesses within the city.

> The only justification we can find for the tax in question and for the singling out of this particular class of taxpayers is that the city is in need of funds and [professionals] comprise a convenient group to assume additional tax burdens. This is not a legally recognizable basis for classification. It is arbitrary in violation of section 2 of the Kentucky Constitution and violates the uniformity principle of section 171.[16]

Therefore, we hold that the Occupational License Fee ordinance of the City of Flemingsburg is unconstitutional to the extent that it assesses a significantly greater tax burden on professionals than on businesses generally. The judgment is reversed and this case is remanded to Fleming Circuit Court for further proceedings consistent with this opinion.

ALL CONCUR.

---

13. *Supra,* n. 8.

14. This case arose prior to Lexington's merger with Fayette County.

15. *City of Lexington, supra,* n. 8, at 254.

