## City Of Greenville et al. v. Martin.

October 12, 1948.

William P. Donan and Belcher & Donan for appellants.

Woodward, Dawson & Bartlett for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment declaring void a section of an ordinance enacted by the City of Greenville which imposed a license tax on certain businesses. The section under attack relates to apartment houses. It reads as follows: ''Section 102. To engage in the business of managing or conducting apartment houses each of which containing three or more apartments, per year, $35.''

In urging reversal the City insists it had power to impose the license tax and it was not discriminatory be-

cause it failed to impose a tax upon persons conducting and operating apartment houses containing less than three apartments.

There is no attempt made in the ordinance to define an apartment house, but rather the tax is imposed upon those engaged in the managing or conducting of apartment houses which contain three or more apartments. It is stipulated that there are only three apartment houses in Greenville subject to the tax, while there are some forty which contain less than three apartments.

·Some reference is made to Chapter 101 of the Kentucky Revised Statutes which relates to cities of the first class. In that chapter an apartment is defined as a room or suite of rooms occupied as the home of one family or household of two or more persons. KRS 101.-010(c). The provisions of that chapter do not apply to a fourth class city such as Greenville. The wording of Section 102 of the ordinance of itself recognizes that apartment houses may have fewer than three units. No attempt was made to devise a plan of classification based upon the character of service rendered, such as central heating, light and common hallways and entrances. We think the appellee is justified in his contention that the classification is based primarily upon differences in number only and therefore is void.

In the case of Great Atlantic & Pacific Tea Co. v. Kentucky Tax Commission, 278 Ky. 367, 128 S. W. 2d 581, it was pointed out that such a classification was without substance and did not have a reasonable relation to the object of the chain store taxing act which was to raise revenue. See also Reeves v. Adam Hat Stores, 303 Ky. 633, 198 S. W. 2d 789. The ordinance, a part of which is under attack in the case before us, is likewise a revenue measure.

For the reasons given we think the judgment should be and it is affirmed.