## Martin v. City of Greenville et al.

February 21, 1950.

A. J. Bratcher, Judge.

Arthur T. Iler for appellant.

Alfred C. Ross for appellees.

MORRIS, COMMISSIONER—Reversing.

In November 1948 the board of council of Greenville, a city of the fourth class, adopted an ordinance in relation to the operation of apartments within the city. The title of the ordinance reads:

"An ordinance imposing a license tax upon the operation of apartments and apartment houses within the corporate limits of the City of Greenville, fixing the license tax therefor and regulating their operation and imposing penalties for the violation of this ordinance."

The first section provides that every person, firm or corporation before establishing or operating any apartment or apartment house shall first procure a license and pay "for one apartment $2.00; for two apartments $10; three apartments $15; four apartments $20, and for any number above four the fee shall be $5.00 for each additional apartment, per annum."

The next section provides that proceeds arising from the collection of fees "shall be used for the purpose of defraying the cost and expenses in regulating and inspecting said apartments and apartment buildings." The next section provides for a fine of from $1.00 to $50 "for a violation of any of the provisions hereof, or who shall fail to procure the aforesaid license," each day of operation or failure, to constitute a separate offense. The ordinance defines an apartment house.

We had before us heretofore an appeal involving an ordinance of the same city which attempted to exact a license fee of persons operating apartment houses. City of Greenville v. Felix E. Martin, 308 Ky. 247, 214 S. W. 2d 271. The city appealed from a judgment holding void Sec. 102 of an ordinance which we quoted and which reads: "To engage in the business of managing or conducting apartment houses, each of which contains three or more apartments, per year $3.00." We gather that section to have been part of a general licensing ordinance. The one before us is a separate and distinct ordinance, apparently the result of an effort to cure the defect or defects pointed out on the first appeal.

Appellant is the owner of several houses in the city, one of which has been divided into four apartments. He alleges that there are more than 40 owners in Greenville who have divided their houses into apartments; two of the owners having divided their homes or houses into at least two apartments; that more than 50 other persons own houses which they rent to single families. These facts were plead, perhaps to lead up to an argument on the question of invalid classification.

The first challenge is that a city of the fourth class is without power to require a license of persons operating apartment houses, or to regulate or inspect. It is contended: (2) That the ordinance is discriminatory, the discrimination being in favor of persons owning houses and renting them as single family dwellings. (3) The ordinance fails to define a classification based on the character of service rendered, but bases the classification solely upon differences in the number of units. (4) Though the title manifests that the ordinance is an exercise of the police power, the body merely imposes a license tax and does not set out any prohibitive or restrictive provisions or regulatory rules, and does not

provide for inspection, hence the ordinance falls within the class of revenue only measures. While other grounds are advanced in argument that the ordinance is invalid, we think the foregoing are sufficient to consider for testing purposes.

Appellant's pleading is in proper form and substance, technically and otherwise to warrant injunctive relief, if it appear proper, and appellant sought such relief on the ground that the city officers were threatening to impose penalties provided for either operating his apartments, or failing to pay the license fees. To his petition the city filed a combined general demurrer and answer. The latter admitted all the facts plead in the petition, but denied all conclusive allegations as to invalidity of the ordinance.

The record shows that upon filing the petition the court clerk had issued a temporary restraining order. The cause was submitted on defendants' demurrer, and the court sustained it. However, when the cause was submitted for trial and judgments on the pleadings, the chancellor adjudged that the temporary "injunction" be dissolved, "and plaintiff's petition is dismissed" with appeal granted.

Appellee by counsel takes the position that under the terms of KRS 86.120 the city is given full power to license persons engaged in renting or managing or operating apartment houses, and that it may legally regulate and inspect, and that the classification set up in the instant ordinance is within the law as evidenced by cited opinions of this court. The section, supra, is one giving a city of the fourth class the power to "license, tax and regulate" certain specifically named trades, occupation, professions, amusements, etc. Apartment houses are not named. However, the contention is that under the coverall words used at the close of the paragraph "and any other trade, occupation or profession," the city has the power to include every conceivable trade, occupation or profession. In support of this contention appellee cites Hager v. Walker, 128 Ky. 1, 107 S. W. 254, 15 L. R. A., N. S., 195, 129 Am. St. Rep. 238, and Mills v. Barbourville, 273 Ky. 490, 117 S. W. 2d 187, wherein we held that the statute was "broad enough to cover every conceivable trade, occupation or profes-

sion," and in both cases it appeared that the tax was aimed at a trade, business or profession.

It is extremely doubtful whether or not a city of the fourth class, without further delegation of power from the Legislature, has the power either to regulate or inspect apartment houses. A reading of Ch. 86 KRS manifests no such power. The nearest to implied powers is that portion which provides for the appointment of a person to inspect buildings to ascertain if there exist fire hazards, and to pass such ordinance as redounded to the health or welfare of its citizens. If the power is implied, then we find no ordinance relating to regulation or inspection, nor is there any claim of such by the city. We have held that a city is without inherent power to tax or regulate, but is confined to the exercise of such power in those respects as are delegated by the State. City of Mayfield v. Reed, 278 Ky. 5, 127 S. W. 2d 847.

The contention of appellant that while the ordinance masquerades as a police measure, yet because of lack of regulatory or inspection in the body of the act, the proceeds of tax or license collections became revenue, is of merit. Reeves et al. v. Adams Hat Stores, 303 Ky. 633, 198 S. W. 2d 789, citing City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. 2d 1092. The well founded rule is that where a license fee is imposed under the police power, the exacted fee must not be so large as to create the imputation of a revenue measure. The fee must be sufficient only to meet the expense of issuing the license and exercising supervisory regulations over the subject of the tax. City of Henderson v. Lockett, 157 Ky. 366, 163 S. W. 199; 13 Am. Jur., Sec. 44, p. 367.

Here, since there is an absence of regulation or inspection authority, the fees could be used under the proper exercise of police power, for the issuance of a license, which should be the same for a four or more room apartment as for one two rooms, and for paying an officer for securing a warrant, only for failure to procure the license. All other funds collected would fall into the revenue class. Daily v. City of Owensboro, 257 Ky. 281, 286, 77 S. W. 2d 939.

As to the classification which appellant challenges, it may be seriously doubted that as it is based only on

the number of rooms in a unit, it is a reasonable classification. It may be noted that in the Greenville v. Martin case, supra (the same parties), we pointed out that "no attempt was made to devise a plan of classification based upon the character of service rendered, such as central heating, light and common hallways and entrances," we pointed to the Adams Hat Store case and Great Atlantic & Pacific Tea Co. v. Ky. Tax Commission, 278 Ky. 367, 128 S. W. 2d 581, 588, where the tax was based upon a "difference in number only," and was therefore void. We also held that tax or license being based on number only, caused the fee to constitute revenue.

Without taking up each and every objection made by appellant and discussing the various contentions of both parties, we are convinced that the ordinance in question is invalid and unenforceable, hence the judgment is reversed with directions to set aside the order discharging the temporary injunction and dismissing the petition, and for such other proceedings as may appear proper, consistent herewith.

Judgment reversed.