**CITY OF HARRODSBURG, Kentucky et al., Appellants,**

v.

**Roy DEVINE et al., Appellees.**

Court of Appeals of Kentucky.

May 19, 1967.

As Modified on Denial of Rehearing Oct. 6, 1967.

John L. Keller, Harrodsburg, for appellants.

W. Earl Dean, Dean & Dean, Harrodsburg, James F. Clay, Clay & Clay, Danville, for appellees.

EDWARD P. HILL, Judge.

The validity of section(s) of Ordinance No. 45 of the city of Harrodsburg enacted March 1, 1943, is the question presented by this appeal.

The section of the ordinance under attack is quoted as follows:

"(s) For each slot machine of any description, not prohibited by law, into which are dropped or deposited nickles or coins of other denominations, for the purpose of operating musical, gaming, weighing or other machines, or any other device that operates on the coin-in-the-slot principle, except pay telephones and . U. S. postage stamp machines, $10.00 per year."

This action was filed by appellees, persons who own or permit the operation of merchandise vending machines in their places of business, to enjoin the collection of the license fee required by the ordinance in question. The trial court found the ordinance invalid and enjoined its enforcement. The city has appealed.

The right of municipalities of the class in question in this case to levy taxes is governed by section 181 of the Constitution of Kentucky. It authorizes the Legislature to confer upon the city the power to license trades, occupations, and professions and to levy other taxes not material to this appeal.

The Legislature has conferred by KRS 92.280 and 92.281 blanket authority upon municipalities of the second to sixth class to levy any and all taxes authorized in section 181 of the Constitution.

The appellant City of Harrodsburg contends on this appeal that the ordinance in

question is valid under the authority of City of Lexington v. Edgerton, 289 Ky. 815, 159 S.W.2d 1015, 151 A.L.R. 1207.

The appellees endeavoring to uphold the correctness of the judgment of the trial court contend: (1) The ordinance in question is discriminatory; and (2) the penalty for nonpayment of the license tax is unreasonable, confiscatory, and arbitrary.

The position of appellees that the ordinance in question is discriminatory is based upon the following provision of the ordinance: " * * * (T)he license imposed by section * * * (s) shall not apply to such businesses while set up on the fair grounds and operating in connection with and as a part of the annual weekly program of the Mercer County Fair & Horse Show."

■ One of the basic rules of taxation is that the power to tax should always be exercised so as to produce as nearly as possible equality and uniformity in the burdens imposed. 84 C.J.S. Taxation § 21.

■■ It should be kept in mind that this rule of equality and uniformity applies also to the rate or the amount of the tax imposed. 84 C.J.S. Taxation § 31. The ordinance in question provides for an equal license fee for each machine, and the person who desires to operate such a machine in the city has a right to operate it for a full year upon payment of the $10 license fee fixed in the ordinance. The exclusion applies only to the operation of machines for a period of one week or possibly a shorter period, and it would certainly not be a uniform and equal tax as to rate had the city attempted to require a $10 license fee for the operation of these machines for the brief period of one week. Such a tax could well be confiscatory.

■ The question here presented is whether the exemption of machines "set up on the fair grounds" and operated "in connection with and as a part of the annual weekly program of the Mercer County Fair & Horse Show" constituted such discrimination or inequality as to invalidate the licensing ordinance. We do not think it did. We find authority for this view in 53 C.J.S. Licenses § 22, page 537, wherein it is stated:

"In the classification of occupations and privileges for licensing and taxation, general classes may be subdivided into particular classes, where such subdivision is reasonable and not arbitrary, and, *in the interest of the public,* particular privileges, occupations, or classes of business may be licensed or taxed and other privileges, occupations, or businesses be entirely exempt therefrom." (Emphasis ours.)

There is also support for the rule above stated in many decisions of this court, among which are, Hartman v. City of Louisville, 282 Ky. 487, 138 S.W.2d 948 and City of Louisville v. Sebree, 308 Ky. 420, 214 S.W.2d 248. We quote the following from page 256 of Sebree:

"It is familiar law that the selection of subjects of classification for taxation founded upon a natural and reasonable basis, with a logical relation to the purposes and objectives of a statute or ordinance, does not offend the principle of equality or uniformity in the imposition of a tax of this character so long as it operates equally upon all of those within the class."

The exemption in the instant case is insubstantial and inconsequential. It should not invalidate the ordinance.

In City of Lexington v. Edgerton, supra, this court upheld a licensing ordinance of the city of Lexington wherein cigarette vending machines were involved. We see no distinction between cigarette vending machines and those that vend other merchandise, such as candy or a combination of candy and other merchandise.

Appellees rely on Great Atlantic & Pacific Tea Co. v. Kentucky Tax Commission, 278 Ky. 367, 128 S.W.2d 581, and City of Greenville v. Martin, 308 Ky. 247, 214 S.W. 2d 271, also Martin v. City of Greenville, 312 Ky. 292, 227 S.W.2d 435, in which the tax increased with the number of units involved. Such is not the case here where the same tax per unit is charged regardless of the number of units. In the Greenville case, the tax was $2 for one apartment, $10 for two apartments, and $15 for three apartments, etc. Here, the tax is $10 per unit; that is, $10 for one unit, $10 for each of two units, etc. On this basis there is no discrimination, and the tax is uniform.

■ In regard to part V of appellees' brief in which they say the penalty is unreasonable, confiscatory, and arbitrary, appellees saw off the limb they attempt to stand on when they make this statement:

"Apparently the appellants realize that the defense of the penalty clause provided in Ordinance No. 45 was impossible, and by withdrawing of the counterclaim seeking to enforce such penalty, perhaps remove this question from this appeal. Nevertheless, something should be said about the penalty provision of Ordinance No. 45."

It appears from the record the ordinance provides for a 10% penalty and a fine equal to the amount of the license for each day the tax is not paid. We do not find this confiscatory.

The judgment is reversed with direction to enter judgment validating the ordinance in question.

All concur.