**GEORGE WOHRLEY, INC., Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPART-MENT OF REVENUE, Appellee.**

Court of Appeals of Kentucky.

May 18, 1973.

Martin W. Mitchell, Adams, Brooking & Stepner, Covington, for appellant.

William S. Riley, Asst. Atty. Gen., Norris A. Harmon, Dept. of Revenue, Frankfort, Cyril E. Shadowden, Frankfort, for appellee.

STEINFELD, Justice.

From a judgment upholding the imposition of a retail sales tax on the bulk sale of office equipment, vehicles and

vending machines, this appeal was lodged. We affirm.

George Wohrley, Inc. was engaged in the retail business of selling cigarettes through automatic vending machines and it held a retail sales tax permit for that purpose. Appellant was not engaged in any other type of retail business. It liquidated its business in 1961 under the Bulk Sales Act (Chapter 355, Article 6, Kentucky Revised Statutes), selling its office equipment, vehicles and vending machines as a lot for the total sum of $79,307. There was no agreement between the seller and the purchaser as to the intended use of the articles purchased.

The Department of Revenue assessed a sales tax of $2,331.62. KRS 139.200. The seller protested to the Kentucky Tax Commission (predecessor of the present Kentucky Board of Tax Appeals), which upheld the assessment; it then appealed to the Franklin Circuit Court, which affirmed. On its present appeal Wohrley contends that this " * * * one time non-recurring bulk sale, liquidation and dissolution by a retail cigarette vendor of its own entire business assets * * *" was not a "sale at retail", that it was not a retailer and that this transaction could be construed as an "occasional sale", as defined by KRS 139.070.

KRS 139.200, as it read in pertinent part at the time of the sale, provided:

"For the privilege of making 'retail sales' or 'sales at retail,' a tax is hereby imposed upon all retailers at the rate of 3% of the gross receipts of any retailer derived from 'retail sales' or 'sales at retail' made within this Commonwealth * * *."

Under KRS 139.260 a sale is presumed to be a sale at retail unless the retailer "takes from the purchaser a certificate to the effect that the property is purchased for resale." No such certificate was obtained by Wohrley.

Wohrley points out that it was not a retailer of office equipment, vehicles and vending machines, and that it only made one sale of the kind of articles taxed. It concedes that KRS 139.-100(1)(a) 1 defines "retail sale" as "a sale for any purpose", however, it argues that in order "(t)o be liable for payment of the sales tax the seller who makes a 'sale for any purpose' must also be a 'retailer'". It refers to the derivation and to dictionary definitions of the words "retail" and "retailer". The words "retail sale" and "sale at retail" are defined by KRS 139.-100(1)(a) 1 as "(a) sale for any purpose other than resale in the regular course of business of tangible personal property, * * *." KRS 139.110(1)(c) defines "retailer" as "(e)very person making more than two retail sales during any twelve month period, including sales made in the capacity of assignee for the benefit of creditors, or receiver or trustee in bankruptcy." When a statute defines words used therein we look to the legislative definition rather than the dictionaries or common usage. Wohrley made many sales of cigarettes from its vending machines, therefore it cannot successfully argue that it did not make " * * * more than two retail sales during any twelve month period." It was a retailer.

Appellant cites no Kentucky cases on the subject before us, but refers us to decisions of courts of other states which it contends are applicable. These decisions are not helpful. The Commonwealth cites Commonwealth ex rel. Luckett v. Revday Industries, Inc., Ky., 432 S.W.2d 819 (1968). That case involved the taxation of manufacturing equipment which was not held or used by the sellers in the course of selling activities, but rather in its manufacturing business. The office equipment, vehicles and vending machines, the transfer of which was taxed in the present case, were used in connection with the retail business of appellant. In Revday we wrote:

"In substance, KRS 139.070 provides that a sale of property held or used by a seller in the course of the business of

selling is *not* exempt as an occasional sale.

\* \* \* \* \* \*

"We start with the observation that the legislature, in KRS 139.070, obviously was trying to *exclude* from the meaning of 'occasional sale' some transactions which normally would be thought to be included in the standard meaning of that term; for example, a going-out-of-business sale by a pure retailer."

This was not an "occasional sale" as defined by KRS 139.070.

■   On the basis on which Wohrley attacks the levy, it cannot escape, even though tax statutes must be strictly construed and doubts resolved in favor of the taxpayer.   George v. Scent, Ky., 346 S.W. 2d 784 (1961); Department of Revenue v. Greyhound Corporation, Ky., 321 S.W.2d 60 (1959).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.