Marguerite JAHR, etc., et al., Appellants,

v.

CITY OF RADCLIFF, Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 12, 1973.

Paul D. Gudgel and Amos H. Eblen, Eblen, Howard & Milner, Lexington, for appellants.

D. Michael Coyle, Huddleston, Van Zant & Coyle, Elizabethtown, for appellee.

REED, Justice.

The circuit court upheld the validity of a business license tax imposed by the City of Radcliff, Kentucky, a city of the fourth class, upon mobile home parks. The appel-

lants, mobile home park owners, assert that under the facts presented this tax is unconstitutional and void. The city insists that the questioned tax is valid. The briefs for the parties discuss additional issues that were not considered by the trial court. Our disposition is confined to those matters ruled on by the trial court and one additional issue which can, in our judgment, be settled in this appeal. Other questions discussed in the briefs, however, will have to be passed on by the trial court in the first instance.

In 1966 the City of Radcliff enacted a business licensing ordinance imposing upon 74 enumerated occupations, trades and professions annual license fees of $50 or $100 and an additional fee of $15 for each employee of the business in excess of one. The city's authority to so legislate is not questioned by appellants. In 1969 the city amended its business licensing ordinance and imposed a fee of $6 per year for each space in a mobile home park or facility in addition to the annual license fees imposed on such establishment by the 1966 ordinance. This space tax is the element to which the appellants direct their attack.

The appellants argue that the space tax is in violation of Sections 2, 181 and 171 of the Constitution of Kentucky. Although the several sections of the Kentucky Constitution recited are relied upon, the common denominator on which appellants actually base their objection is the proposition that the classification of mobile home parks for separate, segregated treatment is an arbitrary and unreasonable classification that imposes an unjustifiable additional tax upon this particular business activity.

Our former decisions on the issue are numerous, conflicting and confusing. The appellants rely upon our most recent decision on the general subject in City of Lexington v. Motel Developers, Inc., Ky., 465 S.W.2d 253 (1971). In that case the city had an ordinance imposing upon business enterprises generally an annual license tax in the amount of 1½ percent of net profits of the business. It then undertook to impose an additional tax upon hotel and motel owners in the amount of 5 percent of the rentals charged for occupancy of rooms. We held that Section 171 of the Kentucky Constitution was applicable to license taxes as well as property taxes, and that, therefore, such license taxes must be uniform in application. As a result of the applicability of this uniformity requirement of the Constitution, we held that the city legislative body could not, without some rational basis, select a certain type of business enterprise and levy upon it a substantially heavier tax than that imposed upon other businesses which fall within the same general classification. In an opinion concurred in by three judges of the court, the tax was said to be invalid because it actually represented a sales tax on the rents of motel rooms and was, therefore, an excise tax in violation of Section 181 of the Kentucky Constitution. In the course of the majority opinion in the case just cited, the court said:

"The only justification we can find for the tax in question and for the singling out of this particular class of taxpayers is that the city is in need of funds and hotels and motels comprise a convenient group to assume additional tax burdens. . . ."

The City of Radcliff attempts to distinguish the cited case but relies on so-called "practical considerations" concerning which there is no evidence in the record. In dealing with the constitutional validity of the portion of the taxing ordinance in question, we are relegated to the consideration of the language of the ordinance and the applicable provision of the Constitution. We are unable to indulge in assumptions concerning the extent and number of living quarters for lease and the extent of city services required by rental homes, rental apartments, rental motel rooms, rental hotel rooms and rental spaces for trailer homes in the City of Radcliff; nor are we informed concerning the number of

persons employed in mobile home park business establishments as compared to the number of persons employed in other enterprises. In short, we are unable to distinguish the present case from the basic holding in City of Lexington v. Motel Developers, Inc., supra. It appears here as there that the city is in need of funds and mobile home trailer parks comprise a convenient group to assume additional tax burdens. Those elements will not support the separate and segregated classification.

■ It appears that the city argues the appellants are barred by reason of the principle of res judicata from securing a judicial declaration concerning the constitutional validity of the space tax in question. The city's argument in this regard is stated in this language:

> "The briefs filed by the parties at the lower court level refer to the James Armstrong case, wherein the Radcliff Police Court ruled the entire ordinance invalid. The City appealed to the Hardin Circuit Court and the decision was reversed."

The question of the validity of the space tax under the uniformity provision of the Kentucky Constitution was not an issue litigated. The action was a criminal misdemeanor prosecution to enforce the provisions of the ordinance against a taxpayer. The appellants were neither parties to the proceedings nor did any party undertake to represent them as part of a class. The rules of bar, merger, collateral estoppel, or issue preclusion by legal operation of a judgment are so clearly inapplicable that it is pointless to further discuss this meritless attempted defense.

■ Though appellants argue that the city's other defenses of laches or estoppel by payment of the questioned tax "without protest" present only an issue of law without dispute concerning the relevant facts, we are unwilling to make an initial and determinative resolution of the validity of those defenses before the trial court has been afforded opportunity to determine the issues presented by these defenses in the first instance.

The judgment is reversed for further proceedings consistent herewith.

All concur except PALMORE, C. J., and MILLIKEN, J., who dissent.