Forrest PATRICK et al., Appellants,

v.

**CITY OF FRANKFORT, Kentucky,**
Appellee.

Supreme Court of Kentucky.

May 28, 1976.

Joseph J. Leary, William M. Johnson, Frankfort, for appellants.

Allen Prewitt, Jr., Frankfort, for appellee.

C. Gibson Downing, Bennett Clark, Stoll, Keenon & Park, Lexington, amicus curiae.

STERNBERG, Justice.

This is an action by employees of the United States of America challenging the validity of the Frankfort, Kentucky, occupational tax ordinance (Frankfort Ordinance No. 23, 1971 Series, Sec. 2(a)). The questioned ordinance provides as follows:

"*5.04.020 Occupational License Fee.*

(a) Every person, association, firm, corporation or other entity in any occupation, business, trade, profession or other activity in the city shall pay unto the city treasury for the purposes of the general budget an *annual occupational* and business *license fee* for the privilege of engaging in said activities, which license fee shall be *measured by* one per cent *of the net annual salaries or wages* earned by any licensee so compensated for work done or services performed or rendered within the city and the net profits, per annum, of all licensees who are engaged in business from that portion of such business conducted in the city." (Emphasis added).

There are two issues presented by appellants, which are (1) does the ordinance levy an income tax in contravention of Section 181 of the Kentucky Constitution, and (2) does the ordinance impose a fee on the privilege of being employed by the United States of America?

The sources from whence cometh the authority of the City of Frankfort to levy an

occupational tax are Section 181 of the Kentucky Constitution and KRS 92.281.

Appellants allege that the subject tax is in truth and fact an income tax, that an income tax is an excise tax, and that Section 181 of the Kentucky Constitution forbids the levy of such an excise tax by the city. They thus conclude that the tax is in violation of Section 181 of the Kentucky Constitution and therefore void. On the other hand, the city contends that the tax is a license tax levy against the privilege to engage in occupations, trades, professions, and businesses within the city limits of Frankfort and that a license tax is a permissible form of excise tax levy, the amount of tax being determined by applying the rate against the net salary or wages.

The issues are not new or novel, but do require a review and analysis of what has heretofore been written. As early as 1948 this court had occasion to consider the constitutionality of an ordinance of the City of Louisville, Kentucky, which applied the tax rate against the net profits in arriving at the amount of tax. In *City of Louisville v. Sebree,* 308 Ky. 420, 214 S.W.2d 248, the Court of Appeals had before it an ordinance which imposed an annual tax or license fee for the privilege of engaging in any business, occupation, calling, profession, or labor within the city. In the course of the opinion, it is stated:

"The major attack upon the ordinance stems from the fact that the measure of the tax is the earnings from the exercise of the privileges of engaging in the various activities, being one percent thereof. The validity of the ordinance is principally questioned upon the ground that it imposes an income tax in fact although it designates the tax as a license fee. But other important questions of constitutional and statutory validity are also raised."

*     *     *     *     *     *

"Since a municipality's power to tax is only that which the legislature has granted it, and the legislature in granting the power must conform to constitutional limitations, we must first look to the au-thority of the Board of Aldermen for the particular action taken here.

Section 181 of the Constitution provides that the General Assembly may 'delegate the power to * * * cities * * * to impose and collect license fees on * * * franchises, trades, occupations and professions.' "

KRS 92.281 authorized cities of all classes to levy and collect any and all taxes provided for in Section 181 of the Kentucky Constitution. In *City of Louisville v. Sebree,* supra, the court went on to say:

"The principal storm center of the controversy, as we have said, is whether or not this ordinance imposes an income tax, the taxpayers' argument being that the city has no authority to levy such a tax. We need not pass upon the question of the existence or absence of that power.

Confusion in the case may arise from placing so much emphasis on the measure of the tax as to subordinate or lose sight of its true character. * * *."

*     *     *     *     *     *

"It is true the scheme of taxation embodies features characteristic of the familiar income taxes; particularly in the exaction of a percentage of the monetary proceeds of labor, services or business and in its administrative provisions. * * *"

In analyzing the type of tax presented in the Louisville ordinance, the court said:

" * * * The definition or classification may be a matter of approach or point of view. Sometimes one may not see the woods for the nearby trees. The psychological impact loses force when emphasis is placed on what is made subject to taxation rather than on the measure of the tax and the basis of computation. Or if the word 'receipts', which, in truth, is the more appropriate term, be used instead of 'income.' If graduated stated sums had been provided instead of a per centum of receipts or net profits, the source of such sums would in all probability have been the same. And that way of

fixing the tax could scarcely be regarded as illegal. * * * "

After its analysis, the court concluded:

"We, therefore, hold the tax is not an income tax and that its imposition is within the powers of the city of Louisville."

In *City of Lexington v. Motel Developers, Inc.*, Ky., 465 S.W.2d 253, the Court of Appeals was faced with a controversy involving the constitutionality of an ordinance of the City of Lexington enacted February 5, 1970, imposing upon hotel and motel owners, and others similarly engaged, what purports to be a "license" tax fixed at 5% of the rental charged for the occupancy of rooms. Therein, as here, it was contended that the tax in question was not truly a license tax but an excise tax of the kind a city may not levy. In the course of the opinion the court said:

" * * * Specifying the source of income does not necessarily convert a tax upon a business enterprise into a tax upon the transactions involved."

In determining the issue and defining the nature of the tax, the court wrote:

" * * * Though the constitutionality of the Act involved was vigorously attacked, no contention was made that the tax was invalid as an 'excise' rather than a 'license' tax. While this avenue of attack may have been inadvertently overlooked, we are inclined to believe the question was not presented because it was lacking in merit, which comports with our view. We conclude the tax here under consideration properly may be characterized a permissible license tax which the City of Lexington could impose upon a business enterprise and is not an excise tax of the kind which cities under section 181 of the Kentucky Constitution are not empowered to levy."

In *Sims v. Board of Education of Jefferson County*, Ky., 290 S.W.2d 491, the Court of Appeals had before it House Bill 404 of the regular session of the 1956 General Assembly, which authorized a Board of Education containing a city of the first class to impose occupational license fees not exceeding one-half of one percent on wages, salaries, and other earnings of individuals and on net profits of businesses. Objection was made that the Act violated Section 181 of our Kentucky Constitution in that it authorized cities to levy income taxes. In the course of the opinion the court said:

" * * * While it is true that the amount of the license fee each individual and each company must pay is measured by the income earned by those taxpayers and, therefore, the tax has some of the attributes of an income tax, the question is no longer an open one. * * * "

It will be noted that the ordinance under attack in the instant case is substantially the same as those that have heretofore come before the Court of Appeals and which were discussed in *City of Louisville v. Sebree*, supra; *City of Lexington v. Motel Developers, Inc.*, supra; and *Sims v. Board of Education of Jefferson County*, Ky., supra. The genius of the times will not permit this court to do other than to affirm the holdings in those cases.

■ Next, we turn our attention to the second issue raised by appellants, and that is that the ordinance attempts to impose a fee for the privilege of being employed by the United States of America.

In *Howard v. Commissioners of the Sinking Fund*, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617, the Supreme Court of the United States had before it the identical question now presented. The City of Louisville, Kentucky, sought to collect from United States employees a license tax for the privilege of working in the city, measured by one percent of all salaries, wages, and commissions earned in the city. Constitutional objection was made by the employees. It is charged herein that the Buck Act, although permitting the levy of income tax on federal employees such as appellants, does not permit the levy of a license fee for the privilege of working for the United States Government. Further, the appellants charge that the appellee cannot, on the one hand, contend that the levy is a license fee and, on the other hand, as it affects federal

employees, contend that the levy is an income tax. In other words, appellants charge the appellee with blowing hot and cold at the same time. Not so. The question rightly stated is whether the tax is an income tax within the meaning of the Buck Act. 4 U.S.C., Sections 106(a) and 110(c) of the Buck Act are applicable to the case at bar, and are as follows:

"§ 106. Same; income tax.

(a) No person shall be relieved from liability for any income tax levied by any State, or by any duly constituted taxing authority therein, having jurisdiction to levy such a tax, by reason of his residing within a Federal area or receiving income from transactions occurring or services performed in such area; and such State or taxing authority shall have full jurisdiction and power to levy and collect such tax in any Federal area within such State to the same extent and with the same effect as though such area was not a Federal area."

"§ 110. Same; definitions.

\*　\*　\*　\*　\*　\*

(c) The term *'income tax'* means *any tax* levied on, with respect to, or *measured by, net income,* gross income, or gross receipts." (Emphasis added).

In *Howard v. Commissioners of the Sinking Fund,* supra, Justice Minton, speaking for the Supreme Court of the United States, said:

"\* \* \* In other words, Kentucky was free to tax earnings just as if the Federal Government were not there."

\*　\*　\*　\*　\*　\*

"Was this tax an 'income tax' within the meaning of the Buck Act? In a prior case, Kentucky had held this tax was not an 'income tax' within the meaning of the Constitution of Kentucky but was a tax upon the privilege of working within the City of Louisville. *Louisville v. Sebree,* 308 Ky. 420, 429–431, 214 S.W.2d 248, 253–254. But the right to tax earnings within the area was not given Kentucky in accordance with the Kentucky law as to what is an income tax. The grant was given within the definition of the Buck Act, and this was for *any tax* measured by net income, gross income, or gross receipts. In the instant case, the Kentucky Court of Appeals correctly stated that the question was whether the tax was an income tax within the meaning of the federal law. We hold that the tax authorized by this ordinance was an income tax within the meaning of the Buck Act. The City, it is conceded, can levy such a tax within its boundaries outside the federal area. By virtue of the Buck Act, the tax can be levied and collected within the federal area, just as if it were not a federal area."

*Howard v. Commissioners of the Sinking Fund,* supra, is dispositive of the other issue raised on this appeal.

We hold that the challenged Frankfort, Kentucky, ordinance is a levy of such a license fee that is not prohibited by the Kentucky Constitution. Further, we hold that the appellants are subject to the tax the same as if they were not federal employees.

The judgment is affirmed.

Full court sitting, except REED, C. J., and PALMORE, J., who disqualified in this case. Special Justices L. T. GRANT and FREDERICK M. WARREN sat by designation of the Governor, pursuant to Section 110(3) of the Kentucky Constitution.

All concur, except STEPHENSON, J., who concurs in result only and files a separate concurring opinion, in which JONES, J., joins.

STEPHENSON, Justice (concurring).

My concurrence in the result reached in the opinion is for different reasons. I admire the intellectual clarity of the trial court in the statement that the occupational tax is not unconstitutional "only because the Court of Appeals has said so." In my view, the occupational tax, despite the semantic legerdemain in prior opinions, is an *income tax* and clearly contravenes Section 181 of the Kentucky Constitution.

The *Sebree* case represents expediency for laudable reasons. I would not have voted for the opinion. However, I am painfully aware of the fiscal chaos which would result in municipalities, great and small, throughout the Commonwealth if we should invalidate those occupational tax ordinances now in effect. I would say, we should not in the future depart from the plain provisions of Section 181.

JONES, J., joins in this concurring opinion.