Hon. Henry D. HOPSON et al., Movants,

v.

COMMISSIONERS OF the SINKING FUND OF the CITY OF LOUISVILLE, Respondents.

80–SC–123–DG.

Supreme Court of Kentucky.

Feb. 17, 1981.

Dissenting Opinion Filed Feb. 24, 1981.

Concurring Opinion Filed Feb. 27, 1981.

Frank E. Haddad, Jr., Bert T. Combs, Louisville, for movant.

Robert F. Matthews and John H. Stites, III, Greenebaum, Doll & McDonald, Louisville, for respondents.

OPINION AND ORDER

The court, having considered the briefs of movants and respondents, and having heard oral argument for parties in this matter, is of the opinion that discretionary review was improvidently granted.

This court's order granting discretionary review is vacated and the case is remanded to the Court of Appeals for the issuance of its mandate.

PALMORE, C. J., and CLAYTON, STEPHENS and STEPHENSON, JJ., concur.

LUKOWSKY and STERNBERG, JJ., dissent.

ENTERED February 17, 1981.

(s) John J. Palmore
Chief Justice

Dissenting Opinion by Justice Lukowsky

Filed February 24, 1981.

LUKOWSKY, Justice, dissenting.

In my view the real question presented by this case is whether occupational license

taxes may be levied upon persons for the "privilege" of executing offices created by the constitution of the Commonwealth to which they have been elected by the people. Such offices include at least Member of the General Assembly, Governor, Lieutenant Governor, State Treasurer, Auditor of Public Accounts, Commissioner of Agriculture, Secretary of State, Attorney General, Superintendent of Public Instruction, Railroad Commissioner, Justice and Judge of the Court of Justice, Commonwealth's Attorney, Circuit Clerk, County Judge, County Clerk, County Attorney, Sheriff, Jailer, Coroner, Justice of the Peace, Constable, County Commissioner, and Delegate to a Constitutional Convention.

A number of seemingly inconsistent observations may be made about occupational license taxes in Kentucky:

A. They are not income taxes. *City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248 (1948).

B. They are not impermissible excise taxes. *City of Lexington v. Motel Developers, Inc.*, Ky., 465 S.W.2d 253 (1971).

C. They are not imposed as police power regulatory measures. See *Martin v. City of Greenville*, 312 Ky. 292, 227 S.W.2d 435 (1950).

D. They are revenue measures. *Martin*, supra.

However, the bottom line is that they are no more and no less than taxes levied on the "privilege" of engaging in any occupation, business, trade or profession within the geographical boundary of the unit of government imposing the tax. *Patrick v. City of Frankfort*, Ky., 539 S.W.2d 275 (1976); 2 Debates of the Constitutional Convention 2793 (1890).

Running for office is a right. Election to office is selection for public service by the ultimate repository of governmental power, the people. Execution of the office is fulfillment of a duty to the people. Consequently, there is no "privilege" here to tax.

When the drafters explored the scope of section 181 of the Constitution of Kentucky, they considered a myriad of occupations that might be taxed ranging from scavengers to bath-house keepers and back again, but we find nothing there to summon up so much as an ethereal spectre of legitimacy for taxation of the execution of elective constitutional office. 2 Debates of the Constitutional Convention 2688 et seq. (1890). Silence on the point in the hurly-burly of robust debate can mean nothing but that the idea was beyond the pale, and any cry of unconstitutional inequality is smothered when we remember that our constitution contemplates exclusive and separate rewards and penalties for public service. Ky. Const. sections 3 and 19 (1891).

I would retain the case on the docket and answer the question in the negative, thereby reversing the decision of the Court of Appeals and affirming the judgment of the Jefferson Circuit Court.

I am authorized to state that Sternberg, J., joins in this dissent.

### Concurring Opinion of Chief Justice Palmore

Filed February 27, 1981.

PALMORE, Chief Justice, concurring.

In this case the court, after hearing oral arguments pursuant to a discretionary review, decided to vacate the grant of review because a majority of its members were satisfied to let the opinion of the Court of Appeals stand as the law. The subsequent filing of a dissenting opinion, however, occasions a further explanation of the majority view.

From beginning to end this controversy has been a battle of labels. What is the occupational tax? Is it an income tax or a license tax? If it is a local income tax, orthodoxy suggests that it is not permitted by Sec. 181 of the Constitution. If it is truly a license tax, in the classical sense, it cannot be applied to constitutional officers. If the tax is on the money it is really an income tax. If it is on the privilege of engaging in an occupation it is really a license tax. And so on. This type of reasoning can be carried on to the point of absurdity in just about any direction. See,

for example, the classic fictional opinion of *Regina v. Ojibway*, reprinted by permission in *Stevens v. City of Louisville*, Ky., 511 S.W.2d 228, 230–231 (1974). See also Fuller, the Case of the Speluncean Explorers, 62 Harv.L.Rev. 616 (1948–49).

Fortunately, as Holmes put it, "The life of the law has not been logic: it has been experience." Holmes, *The Common Law* (Boston: Little, Brown and Company, 1881), p. 1. This case presents a graphic illustration of that eternal truth. Judge Irving R. Kaufman, of the U.S. Court of Appeals for the Second Circuit, recently commented to the effect that judges should possess "capacity in both the analytic and synthetic modes of thought: analytic because much of our work involves the parsing of statutes, the sifting of records, and the reconciliation of case law; synthetic because the highest form of the judge's craft involves the creation of an imaginative solution that sweeps away contradiction and ambiguity, advancing the law's true purpose within the bounds of precedent and reason." Irving R. Kaufman, "Charting a Judicial Pedigree," The New York Times, Jan. 24, 1981. We think the opinion of the Court of Appeals achieves that purpose in this case.

About as close as we can come to the truth of the matter is that the occupational tax is a tax on income, and probably would be illegal except for the fact that this court in *City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248 (1948), saw fit to legalize it by the stratagem of calling it something else. Now, after more than 30 years in which the tax has become an indispensable mainstay not only to Louisville but to many other local governments, nobody in his right mind wants to overrule that case. Its purpose was to permit this kind of taxation on the general public, and it seems quite improbable that it ever occurred to the members of the court who joined in the *Sebree* opinion that the right to levy such a tax would apply to everyone but judges and other constitutional officers.

The majority of the members of the court today believe that the opinion of the Court

of Appeals is fundamentally correct, though we do not feel it necessary to find an appropriate label for the tax in order to reach that conclusion. It is enough that whatever it may be called, it was declared valid in 1948, and, as the opinion of the Court of Appeals observed, it does not any more impinge upon the right or privilege of constitutional officers to carry out their functions than it does upon the privilege of anyone else to earn a living. We think it would be grossly unfair to the public in general for us to seize upon technical grounds and declare that we or any other public officers are exempt from it.

CLAYTON, STEPHENS and STEPHENSON, JJ., join in this concurring opinion.