**CITY OF ERLANGER, Appellant,**

v.

**KSL REALTY CORPORATION, Appellee.**

Supreme Court of Kentucky.

Jan. 16, 1986.

Rehearing Denied March 20, 1986.

Frank A. Wichmann, Covington, for appellant.

Otto Daniel Wolff, Cincinnati, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a judgment of the circuit court and found the Erlanger occupational tax ordinance on mobile home parks illegal.

The crucial issue is whether the City of Erlanger occupational tax, based on a per unit theory is legal.

City of Erlanger Ordinance No. 1731 imposed an occupational license tax on those doing business within that city and established a license fee on trades, occupations and professions as authorized by KRS 92.-280(2) and Section 181 of the Kentucky Constitution. The fees vary purportedly according to either the volume or nature of the trade, business, or occupation subject thereto.

Section 43 of the ordinance provides that: Every person renting space for the accommodation of trailers or mobile homes

or maintaining a trailer camp shall pay an annual license fee or tax of ... $250.00 for the first trailer parking space and a fee of ... $43.75 for each additional trailer parking space.

KSL Realty Corporation is engaged in the business of operating a mobile home park. KSL paid the tax under protest and brought this action to declare the ordinance unconstitutional.

The Kenton Circuit Court granted Erlanger judgment and dismissed the complaint of KSL. The Court of Appeals reversed and remanded the per unit consideration of occupational license tax as illegal.

This Court affirms the Court of Appeals.

■■■ The City is without any inherent authority to tax or regulate and is confined to any exercise of such powers by the authority delegated by the state. KRS 92.-280(2); *see Martin v. City of Greenville*, 312 Ky. 292, 227 S.W.2d 435 (1950). Kentucky law permits imposition of license taxes calculated upon three theories—a uniform tax upon all persons engaged in the same business regardless of volume of business, a uniform tax upon volume of business, or a tax upon separate classes in a general class based upon the volume of business. *Great Atlantic & Pacific Tea Co. v. Kentucky Tax Com'n*, 278 Ky. 367, 128 S.W.2d 581 (1939).

The ordinance is a revenue law and Kentucky requires that such laws must be strictly construed with any doubt concerning the regularity of the ordinance resolved in favor of the taxpayer. *George Wohrley, Inc. v. Com. of Ky., Dept. of Revenue*, Ky., 495 S.W.2d 173 (1973).

■■ 'The Erlanger taxation of mobile home parks is on the number of spaces available for rental without consideration of the income derived therefrom or whether the space is rented or vacant. The license taxes imposed by the ordinance bear no relation to the actual volume of business but as in *Great Atlantic & Pacific Tea Co., supra*, is impermissibly fixed solely upon the number of units.

This tax is not reasonably related to the volume of business as the operator of a larger mobile home park may not always have a larger volume of business. The operator of a smaller mobile home park could rent more units than the larger parks and place a greater demand upon city services.

As the operator of a larger mobile home park, KSL has the potential to do a greater volume of business. However, as in any business concern, potential frequently bears no relationship to income actually produced. The volume of business of KSL and the extent of services rendered thereto is more directly related to the number of units rented than simply the number of units available for rental. Taxes upon the volume of a business must be based upon an objective standard reasonably related to the business's actual volume.

The record lacks any evidence from which to infer that operators of mobile home parks generate a greater volume of business based upon number of units or spaces available. Therefore, Section 43 of the City of Erlanger Ordinance No. 1731 is an illegal imposition of the occupational license tax. The law presumes an ordinance valid if any proper reasonable basis can be perceived to justify the classification. *See Conrad v. Lexington-Fayette Urban County Government*, Ky., 659 S.W.2d 190 (1983). There is no reasonable basis perceivable which would validate this classification as written.

The sole purpose of this ordinance is to raise revenue as clearly expressed in the preamble. If the City had any other reason for adopting the ordinance, it is not readily ascertainable from a reading thereof. An occupational tax is related only to the production of revenue. *Commissioners of Sinking Fund v. Hopson*, Ky.App., 613 S.W.2d 621 (1980).

■■ A license tax imposed under police powers also must be sufficient only to meet the city's expenses of issuing the license and exercising supervisory regulation over the subject matter of the tax. *See Martin*

*v. City of Greenville,* 312 Ky. 292, 227 S.W.2d 435 (1950).

 The ordinance herein does not attempt to regulate the operation of any business. There is no evidence that the expense in issuing a license for a multi-unit mobile home park is greater than the expense in issuing a license for a single unit mobile home park. A license tax like the City's based solely upon number of units is a revenue measure not an exercise of the permissible police powers of the City. *Martin, supra.*

The applicable law in this case has long been set forth in *Great Atlantic & Pacific Tea Co., supra,* and its progeny, *City of Greenville v. Martin,* 308 Ky. 247, 214 S.W.2d 271 (1948), and *Martin v. City of Greenville, supra.* The imposition of city license taxes to cover general operating costs in excess of the ad valorem revenues must be based upon a fair apportionment of the cost of city services according to an objective standard reasonably related to the costs incurred.

*City of Louisville v. Sebree,* 308 Ky. 420, 214 S.W.2d 248 (1948), upheld the authority of local government to levy occupational taxes on businesses, trades and occupations and professions based on income. *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 105 A.L.R. 1327 (1937), permits exemption on the basis of administrative convenience and expense but also refers to small incomes. Neither of the authorities cited above relates to a per unit exemption. There is no showing in this record that the question of administrative convenience or expense was raised.

The legislative body of a municipality if free to exercise in its discretion the powers to be found within a grant or delegation of the state legislature when not offending a provision of the constitution.

The extensive analysis of case law made by the City's learned counsel, although valuable in our deliberations, has not convinced us.

The decision of the Court of Appeals is affirmed and this action is remanded to the circuit court with directions to enter judgment for KSL Realty Corporation.

All concur, except GANT, J., who dissents.