**BEVERLY P. WHITE TOWERS LIMITED PARTNERSHIP,**
Appellant,

v.

**CITY OF WINCHESTER,**
Kentucky, Appellee.

Supreme Court of Kentucky.

Jan. 16, 1986.

Rehearing Denied March 20, 1986.

John H. Rompf, Jr., White, McCann & Stewart, Winchester, for appellant.

Edsel T. Jones, Winchester, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which affirmed the circuit court in upholding the validity of a Winchester city licensing ordinance which permitted exemptions to apartment buildings of 3 or less units whereas buildings with 4 or more units were taxed on a per-unit basis.

The question presented involves the legality of the system of classification and exemption used by the City.

Winchester, as a third class city has the statutory authority to enact an occupational tax pursuant to KRS 92.280(2). *Hopson v. Com'r of Sinking Fund*, Ky. 613 S.W.2d 619 (1981); Kentucky Constitution § 181.

In 1976, Winchester enacted Ordinance No. 7–76, an occupational license tax ordinance, imposing a license tax on businesses which operate rental property within that city. The tax is incremental based upon the number of units available for rental but exempted owners of one to three units. The ordinance also contains strict penalties for nonpayment or delinquency.

Beverly P. White Towers Limited Partnership is the operator of a 90-unit building in Winchester. In December, 1982, the Partnership was assessed a license fee of $864 upon which the City demanded payment. The fee of $864 included a tax of $480 and a penalty of $384. The Partnership filed this action in January, 1983, seeking a judgment declaring the ordinance invalid as based upon an improper scheme for taxation purposes.

The Clark Circuit Court entered judgment upholding the validity and enforce-ability of the ordinance. The Court of Appeals affirmed the circuit court.

This Court reverses the decision of the Court of Appeals.

*Great Atlantic & Pacific Tea Co. v. Kentucky Tax Com'n.*, 278 Ky. 367, 128 S.W.2d 581 (1939), sets out three theories upon which a license tax may be imposed:

... one being a uniform tax upon all persons engaged in the same business without any reference to the amount of business done, another that levies a uniform tax upon the volume of business done without changing it in the proportion that the business increases.... And yet another is the division of the general classes into *separate classes according to volume of business done,* and the imposition of a different tax upon each division into which the class is divided. at 586 (Emphasis added.)

*Great Atlantic & Pacific Tea Co., supra,* noted further that the tax invalidated bore no relation to the volume of business but was an assessment arbitrarily fixed upon the number of stores operated. Winchester has assessed the Partnership arbitrarily upon the number of apartment units owned.

The City's division of the general class of landlords into separate classes and the imposition of a different tax upon each division is permissible only if it is reasonably related to the volume of business. The City tax upon number of units owned and applicable exemption bears no relation to amount of business. The owner of three large single tenant commercial tracts would be exempt from the tax but the owner of a single four-unit building would not be exempt. It is inconceivable that the latter would generate a greater volume of business or place a greater demand on city services than the former. The Partnership may have the potential to do a greater volume of business by its number of units; however, as written, the City's classification of the Partnership based upon number

of units alone bears no relation to actual volume.

An exemption for individuals, as opposed to partnerships and corporations from an occupational tax on rental property has been upheld in *Commissioners of Sinking Fund v. Estate of Doyle*, Ky.App., 573 S.W.2d 932 (1979). That case noted that some exemptions can be justified on the basis of administrative considerations and convenience alone. In that case the regulation exempted *income* from rental property owned by individuals.

*City of Louisville v. Sebree*, 308 Ky. 420, 214 S.W.2d 248 (1948), upheld the authority of local government to levy occupational taxes on businesses, trades and occupations and professions based on income. *Carmichael v. Southern Coal & Coke Co.*, 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327 (1937), permits exemption on the basis of administrative convenience and expense but also refers to small incomes. None of the authorities cited above relate to a per unit exemption. There is no showing in this record that the question of administrative convenience or expense was raised.

Upon its facts, this case is indistinguishable from the *Martin v. City of Greenville*, 312 Ky. 292, 227 S.W.2d 435 (1950) and *City of Greenville v. Martin*, 308 Ky. 247, 214 S.W.2d 271 (1948), ordinances and holdings. The system of classification and exemption is substantially the same as that invalidated in those decisions. The Winchester method of classification is based upon numbers alone.

Therefore, for the reasons originally set forth in *Great Atlantic & Pacific Tea Co.* and reiterated in *City of Greenville* and *Martin*, the opinion of the Court of Appeals is reversed and this action is remanded to the circuit court with directions to enter judgment for Beverly P. White Towers Limited Partnership.

All concur, except GANT, J., who dissents.