CITY OF ERLANGER, Appellant/Cross–Appellee,

v.

KSL REALTY CORPORATION, INC., Appellee/Cross–Appellant.

Nos. 90–SC–225–DG, 90–SC–698–DG.

Supreme Court of Kentucky.

Oct. 24, 1991.

Rehearing Denied Jan. 16, 1992.

Frank A. Wichmann, Wichmann & Schaffer, Erlanger, for appellant/cross-appellee.

Otto Daniel Wolff (IV), Otto Daniel Wolff & Associates, Covington, for appellee/cross-appellant.

WINTERSHEIMER, Justice.

This case involves the legality and constitutionality of the City of Erlanger's 1986 Occupational License Tax Ordinance No. 1834 as applied to KSL Realty.

In *City of Erlanger v. KSL Realty Corp.*, Ky., 704 S.W.2d 649 (1986), this Court struck down Erlanger's occupational tax on mobile home lots as an unconstitutional per unit tax. Thereafter the City enacted a new occupational tax ordinance which is the subject of this litigation. KSL filed this suit to challenge the new ordinance.

The Kenton Circuit Court upheld the ordinance and entered summary judgment in favor of the City. The Court of Appeals reversed and remanded, holding that the new ordinance was an illegal unit tax. This Court granted discretionary review.

The first ordinance, which was declared unconstitutional by this court in the KSL opinion, imposed on mobile home parks a tax of $250 on the first trailer parking space and a tax of $43.75 for each additional space. This Court concluded that the tax had no relation to the actual volume of

business and was impermissibly based solely on the number of units in the mobile home park.

■ The new ordinance taxes each mobile home lot at a rate of $97.00. The ordinance provides that the license fee be computed on the basis of the total number of items provided for use by others "and from which any income or other compensation is derived therefrom.... No such item shall be included unless some income or other compensation is actually derived therefrom...." This rate was designed by the City to recoup from the mobile home park operator a monetary amount equal to what it allegedly cost the City to provide services.

The City apparently based this formula on language from *City of Erlanger v. KSL Realty Corp., supra* at 651, which reads, "The imposition of city license taxes to cover general operating costs in excess of ad valorem revenues must be based upon a fair apportionment of the cost of the city services according to an objective standard reasonably related to costs incurred." This sentence was not intended to exclude the required relationship to the actual volume of business.

It is readily apparent that the ordinance is an illegal unit tax. Even without consideration of this defect the method used to arrive at the tax was arbitrary and unreasonable. The City argues that the tax is legal because it is linked to business volume. Such a connection, even if it were valid, does not make an already illegal unit tax legal.

If it is clear that the amount of an occupational license tax is solely computed by the number of units an entity puts into operation, the tax is illegal. *Great Atlantic and Pacific Tea Co. v. Kentucky Tax Comm.,* Ky., 278 Ky. 367, 128 S.W.2d 581 (1939); *City of Greenville v. Martin,* Ky., 312 Ky. 292, 227 S.W.2d 435 (1950); *City of Erlanger v. KSL Realty Corp.* The City contends that this particular unit tax is legal because it is based on the actual units rented or used, which is an indication of the volume of business. The mere fact that a unit does business is not sufficient to save

the ordinance. In *Great Atlantic, supra,* there was no doubt that the "units" of the Great Atlantic and Pacific Grocery chain were doing business. In essence each unit rented was doing an objectively measurable volume of business. In spite of this the unit tax was declared illegal because it bore "no relation to the volume of business done, but is arbitrarily fixed with the number of stores operated by a single owner." *Great Atlantic.* If the unit tax reviewed in *Great Atlantic* lacked the sufficient link to volume of business, then the unit tax here is similarly illegal.

It is clear from the evidence that there is absolutely nothing about KSL's actual volume of business in the City's mathematical calculations. In *City of Erlanger v. KSL Realty,* this Court noted that taxes imposed upon the volume of business must be based upon an objective standard reasonably related to the business's actual volume. The City's mobile home calculation is based on alleged volume of the business of the City in allegedly providing municipal services to the park rather than the park's actual volume of business.

■ The City's license tax as applied to KSL also violates the constitutional requirement of uniformity and equality which is applicable to occupational license tax ordinances. *Jacobs v. Lexington–Fayette Urban City Government,* Ky., 560 S.W.2d 10 (1978). *City of Lexington v. Motel Developers, Inc.,* Ky., 465 S.W.2d 253 (1971).

The constitutional dictates of uniformity are violated when a particular entity is singled out for special licensing and/or is required to bear a heavier burden than other entities are required to bear. Under the new ordinance trailer park fees are approximately 400 percent higher than for other residential rental units or motel units. They are 25 percent higher than fees for commercial rental property. We must agree with the Court of Appeals that the fees for trailer parks appear to be arbitrary and unreasonable.

■ Kentucky law recognizes the imposition of a license tax based upon three theories—a uniform tax upon all persons

engaged in the same business regardless of the volume of business, a uniform tax upon volume of business, or a tax upon separate classes in a general class based upon volume of business. *City of Erlanger v. KSL Realty; Great Atlantic.*

The first category for example would allow a reasonable uniform fee on all lawyers doing business in the City. All lawyers would pay the same fee to practice law regardless of their income. The second category would allow a uniform rate applied to the income derived from the volume of business done in the city. The third category could be a fee based on the previous year's gross receipts. Businesses such as wholesalers, supermarkets, retailers, etc. would have uniform anticipated net income percentages regardless of gross income.

We concur with the Court of Appeals that by listing the examples, we only seek to help local governments and trial courts understand what is and what is not permissible in local government business licensing. However, a unit tax is specifically not permissible.

The City contends that the higher tax on trailer lots is necessary because the difference between the amount of ad valorem taxes received from mobile home parks and the costs of providing city services to such parks was considerably greater than such differences in other occupational classifications. We stated in the earlier *KSL Realty* case that the tax "must be based on a fair apportionment of the cost of city services according to an objective standard reasonably related to the costs incurred." It must be understood that this comment refers to the *entire* occupational tax as imposed on *all* categories of business subject to it, not just to the tax for an individual taxpayer or subclassification. The point is that the City's occupational license tax must be imposed on all business entities for the purpose of covering general operating costs in excess of the ad valorem revenue. Once the tax is imposed this way on the business community, then it may be calculated pursuant to one of the three methods that Kentucky law permits. If the City

wishes to make up the difference in revenue via the occupational license tax, then it must compute what each business category owes and then the tax can be calculated to achieve the desired result. The City may not arbitrarily and unreasonably place this burden on one taxpayer.

■ The argument by the City that this is a case of judicial encroachment upon the legislative functions of the City is unconvincing. We agree that the court should always proceed with great caution and should never declare any legislative act invalid until after doubts have been resolved in its favor. *Cf. Manning v. Sims*, 308 Ky. 587, 213 S.W.2d 577 (1948). However, we do not believe that the maxim noted is applicable here because there is no challenge to the authority of the City to enact an occupational license tax ordinance. As we have stated before, the ordinance is a revenue law and Kentucky requires that all such laws must be strictly construed with doubts concerning irregularity of the ordinance resolved in favor of the taxpayer. *George Wohrley, Inc. v. Commonwealth of Kentucky, Department of Revenue*, Ky. 495 S.W.2d 173 (1973); *City of Erlanger v. KSL Realty.* The City is without any inherent authority to tax or regulate, and is confined in the exercise of such powers by the authority delegated by the state. K.R.S. 92.280(2).

We recognize that the ordinance provides for a pro rata reduction in the annual per unit tax on rented units according to the number of months left in the tax year but do not find such a feature controlling in our decision.

The argument by the City regarding separation of powers is equally unconvincing. The record here indicates that the City did not demonstrate an objective basis for its assumed facts. The City is not entitled to assume facts concerning the extent of city services required by rental homes or mobile homes. *Cf. Jahr v. City of Radcliff*, Ky., 503 S.W.2d 743 (1973).

A careful examination of the record indicates the sincere effort of the City, its administrators, counsel, and other staff to comply with the Kentucky Constitution as

interpreted and applied to this situation by this Court. It is not appropriate for the Court to render advisory opinions in this or any other matter. It is hoped that a reasonable, fair and constitutional solution can be achieved by the parties.

The decision of the Court of Appeals is affirmed.

COMBS, LEIBSON, REYNOLDS and SPAIN, JJ., concur.

STEPHENS, C.J., concurs in result only.

LAMBERT, J., dissents by separate opinion.

LAMBERT, Justice, dissenting.

The ordinance under review was drafted from this Court's opinion in *City of Erlanger v. KSL Realty Corp.*, Ky., 704 S.W.2d 649 (1986), wherein we held that such a tax must be related to "volume of business." As quoted by the majority, the ordinance imposed the tax only if "some income or other compensation is actually derived therefrom." Said otherwise, a mobile home parking space is not subject to the tax unless or until it is occupied and presumably producing income.

The opinion of the majority is hypertechnical and will likely result in an exemption from occupational tax for the mobile home park business.